IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER COOPERATIVE, INC.<br><br>Debtor | Chapter 11<br><br>Case No. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>507 CAPITAL LLC, et al.,<br><br>Defendants.[1] | Adv. Proc. No. 21-04407 (DRJ) |

**TENASKA MARKETING VENTURES' JOINDER TO REPLIES IN SUPPORT OF
MOTION TO DISMISS**

---

[1] The Defendants in this adversary proceeding are: 507 Capital LLC, 507 Summit LLC, Cetus Capital VI, L.P., Chase Lincoln First Commercial Corporation, Citigroup Financial Products Inc., CrossingBridge Low Duration High Yield Fund, Destinations Global Fixed Income Opportunities Fund, Destinations Low Duration Fixed Income Fund, Koch Energy Services LLC, Leaffilter North Holdings, Inc., NJR Energy Services Co., OFM II, LP, OU 2 LLC, RiverPark Short Term High Yield Fund, RiverPark Strategic Income Fund, Total Gas & Power North America, Inc. and Two Seas Global (Master) Fund LP.

Tenaska Marketing Ventures ("TMV") is an intervenor on behalf of defendant Chase Lincoln First Commercial Corporation.[2] In that capacity, TMV has been in discussions with the various Gas Claimants,[3] and TMV joins in and fully supports the Replies (as defined below), including as related to TMV. TMV hereby files this joinder ("Joinder") to the Replies and in further opposition to the Complaint respectfully responds and states as follows:

## BACKGROUND

1. On November 22, 2021, Brazos filed its Complaint initiating this adversary proceeding.

2. On January 7, 2022, certain Gas Claimants filed motions to dismiss (collectively, the "Motions to Dismiss"), to which TMV subsequently joined by filing its *Joinder to Motions to Dismiss* [Dkt. 39] on the same date.

3. On February 7, 2022, Brazos filed its *Omnibus Response in Opposition to Gas Claimants' Motions to Dismiss* [Dkt. 51] (the "Response").

4. On March 2, 2022, certain Gas Claimants filed their *Reply in Support of Motion to Dismiss of Defendants 507 Capital LLC, 507 Summit LLC, Cetus Capital VI, L.P., Crossingbridge Low Duration High Yield Fund, Destinations Global Fixed Income Opportunities Fund, Destinations Low Duration Fixed Income Fund, Leaffilter North Holdings, Inc., OFM II, LP, OU 2 LLC, Riverpark Short Term High Yield Fund, Riverpark Strategic Income Fund and Two Seas Global (Master) Fund LP* [Dkt. [57], and Gas Claimant ETC Marketing, Ltd. filed its *Reply in Support of Motion to Dismiss Adversary Complaint of Brazos Electric Power Cooperative, Inc.*

---

[2] TMV intervenes pursuant to the *Stipulation and Agreed Order Authorizing Intervention* between TMV, Chase Lincoln First Commercial Corporation, and Brazos, entered by the Court on November 22, 2021 at Dkt. 1338.

[3] Capitalized terms used herein and not otherwise defined have the meanings assigned to them in the Replies.

[Dkt. [58] (collectively, together with any other replies filed by any other Gas Claimant, the "Replies").

5. TMV incorporates by reference the background included in the Motions to Dismiss, its joinder to the Motions to Dismiss, and the Replies.

## JOINDER

6. TMV joins in all arguments raised by the Gas Claimants in the Replies. As detailed in the Replies, the Debtor's Complaint continues to fail to state any plausible claim for relief.

7. Specifically, the Debtor's arguments on legal standard are merely an attempt to shirk the well-established pleading burden applicable to claim objections. Whether in an adversary proceeding or a contested matter, the Debtor must establish a contract defense plausible on its face before the burden shifts back to the Gas Claimants to prove their claims. The Complaint fails to establish any plausible defenses, and it is therefore properly subject to a Rule 12(b)(6) motion to dismiss.

8. The Debtor's assertion that the Gas Claims stem from unenforceable contracts must fail. The Debtor's continued reliance on the DTPA is a distraction. The DTPA is a consumer protection statute with no application to the Gas Claims. The Debtor's attempt to wield the DTPA as a means to unwind voluntary, arms-length transactions between sophisticated parties defies both the statute's plain language and settled case law. Nor can the Debtor rest its Complaint on unconscionability. The Debtor was a willing participant to the subject transactions and fails to allege any deception, a lack of viable alternatives, or an imbalance in the relative sophistication of

the parties. The Debtor's vague gestures toward public policy and high prices are insufficient to survive a motion to dismiss.

9. The Debtor's fraudulent transfer arguments are also insufficient to support the Complaint. The Debtor pleads no facts indicating that it did not receive reasonably equivalent value for the gas. Instead, the Debtor simply states, without quantification, that one natural gas market bore different prices during Winter Storm Uri. But the Debtor's contention that gas quoted at lower prices at the NGPL TEXOK hub is a proper reference point for determining the reasonably equivalent value of gas it purchased from TMV at the Nortex Tolar hub is grossly misleading and cannot withstand scrutiny. The Debtor's bare, unsupported market data begs the question as to why the Debtor did not simply purchase the gas at the NGPL TEXOK hub, rather than buying the allegedly more expensive gas that the Debtor claims it was forced to purchase from TMV and other providers. Delivery location is an essential input of natural gas pricing. Simply pleading that natural gas was cheaper elsewhere—without disclosing that it was physically impossible to move that gas from the delivery location to the Debtor's plants—reveals nothing about value and cannot be sufficient to meet the pleading standard required here.

10. The Debtor's arguments related to the priority status of the Gas Claims are similarly unpersuasive. The Debtor's attempt to narrow the application of 503(b)(9) through a contorted reading of the UCC "ordinary course" language defies both common sense and the plain language of the commercial code. Nor do the Debtor's arguments that it received less than the value that it willingly paid for the gas strengthen with repetition. The price of natural gas delivered hundreds of miles from the Debtor's power generation facilities is irrelevant given the Debtor's actual and intended use for the gas.

11. Finally, the Debtor fails to show that it is willing or capable of curing these pleading defects. This Court should accordingly deny leave to amend.

## **RESERVATION OF RIGHTS**

TMV reserves the right to amend, modify, or supplement this Joinder. TMV further reserves the right to respond, as appropriate, to any filings related to the Motions to Dismiss that are filed in the future and to make arguments with regard to this Joinder and the Motions to Dismiss, and any other related filings, at the hearing on the Motions to Dismiss.

## **PRAYER**

WHEREFORE, TMV respectfully requests the Court dismiss the Complaint in its entirety, with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: March 2, 2022 | **BRACEWELL LLP** |
|  | By: /s/ *Robert G. Burns* |
|  | Robert G. Burns (*admitted pro hac vice*) |
|  | 1251 Avenue of the Americas, 49th Floor |
|  | New York, New York 10020 |
|  | Telephone: (212) 508-6100 |
|  | Facsimile: (800) 404-3970 |
|  | Email: robert.burns@bracewell.com |
|  |  |
|  | Bradley J. Benoit |
|  | 711 Louisiana Street, Suite 2300 |
|  | Houston, Texas 77002 |
|  | Telephone: (713) 223-2300 |
|  | Facsimile: (800) 404-3970 |
|  | Email: brad.benoit@bracewell.com |
|  |  |
|  | Mark E. Dendinger (*admitted pro hac vice*) |
|  | CityPlace I, 34th Floor |
|  | 185 Asylum Street |
|  | Hartford, Connecticut 06103 |
|  | Telephone: (860) 947-9000 |
|  | Facsimile: (800) 404-3970 |
|  | Email: mark.dendinger@bracewell.com |
|  |  |
|  | *Counsel for Tenaska Marketing Ventures* |

-7-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the counsel for parties of record in this Adversary Proceeding, electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service on the 2nd day of March, 2022.

*/s/ Robert G. Burns*
Robert G. Burns

# DM-8197335.2