IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br><br>    Debtor.[1] | Chapter 11<br><br>Case No. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br>    Plaintiff,<br><br>v.<br><br>507 CAPITAL, LLC, *et al.*,<br>    Defendants. | Adv. Proc. No. 21-04407 (DRJ)<br>Related to Dkt. No. 77 |

**ETC MARKETING, LTD.'S ANSWER AND AFFIRMATIVE DEFENSES
TO BRAZOS ELECTRIC POWER COOPERATIVE INC.'S FIRST
AMENDED COMPLAINT OBJECTING TO PROOFS OF CLAIM RELATED
TO CERTAIN NATURAL GAS SALES TO THE DEBTOR**

Defendant ETC Marketing, Ltd. ("ETC"), through its undersigned counsel, files its *Answer and Affirmative Defenses* to the *First Amended Complaint Objecting to Proofs of Claim Related to Certain Natural Gas Claims* (Dkt. No. 77, the "Amended Complaint") filed by Brazos Electric Power Cooperative, Inc. ("Brazos") and answers as follows in correspondingly titled and numbered paragraphs.[2]

---

[1] Debtor in this Chapter 11 case, along with the last four digits of its federal tax identification number is Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

[2] ETC incorporates the Amended Complaint's headings solely for ease of reference and expressly denies all factual and legal contentions within the Amended Complaint's headings and sub-headings.

1

## I.        NATURE OF ACTION

1.       ETC admits that Brazos purchased natural gas from ETC in February 2021 and that those trades were entered into by Brazos through its agent, Alliance for Cooperative Energy Services Power Marketing, LLC ("ACES"). ETC has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 1 and therefore denies them.

2.       ETC admits the allegations in the first sentence of paragraph 2. ETC denies that the NGPL TX-OK index is relevant to the Contested Trades, that the price ETC charged Brazos for natural gas delivered to Brazos was above its fair market value, and that Brazos was operating outside the ordinary course of its business during the winter storm. ETC has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore denies them.

3.       ETC denies that none of the Gas Suppliers have claimed to have just been passing along pricing to Brazos, that ETC is seeking "windfall profits," that ETC's pricing was exorbitant, and that ETC purchased the gas that it sold to Brazos "at more normal prices and stored [it] well before the Contested Period." To the contrary, ACES would contact ETC to purchase natural gas from third parties at a price ACES represented Brazos was willing to pay; ETC then purchased the natural gas and delivered it as instructed. ETC has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies them.

4.       ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5.       ETC admits that the Amended Complaint, as drafted, contains five counts. ETC denies the remaining allegations in paragraph 5, as alleged against ETC.

6.       Paragraph 6 states legal conclusions that do not require a response and relate to

Count 1 of the Amended Complaint, which was dismissed by this Court with prejudice. Order [Dkt. No. 98, the "Dismissal Order"] ¶ 1(a). To the extent a response is required, ETC denies the allegations.

7. Paragraph 7 states legal conclusions that do not require a response. To the extent a response is required, ETC denies the allegations.

8. Paragraph 8 states legal conclusions that do not require a response. To the extent a response is required, ETC denies the allegations.

9. Paragraph 9 states legal conclusions that do not require a response. To the extent a response is required, ETC denies the allegations and that Brazos is entitled to the requested relief.

## II. THE PARTIES

10. ETC admits that Brazos filed a petition for relief under Chapter 11 of the Bankruptcy Code and that it continues to operate its business as a debtor in possession. ETC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies them.

11. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15. ETC admits that it and Citigroup Financial Products Inc. ("Citigroup") entered into

a Transfer of Claims Agreement that assigned ETC's claims against Brazos to Citigroup. On May 9, 2022, the Court signed an order authorizing ETC's intervention as an intervenor-defendant under Bankruptcy Rule 7024.

16. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

24. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26. ETC has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

### III. JURISDICTION, VENUE, AND AUTHORITY

27. Paragraph 27 states legal conclusions that do not require a response. To the extent a response is required, ETC admits the allegations.

28. Paragraph 28 states legal conclusions that do not require a response. To the extent a response is required, ETC admits the allegations.

29. Paragraph 29 states legal conclusions that do not require a response. To the extent a response is required, ETC admits the allegations, but notes that not all bases for the Amended Complaint remain viable after entry of the Dismissal Order dismissing with prejudice Counts 1-3, as brought against ETC.

30. Paragraph 30 states legal conclusions that do not require a response. To the extent a response is required, ETC admits the allegations. ETC confirms its consent to this Court's entry of final orders or judgments in this adversary proceeding.

### IV. FACTUAL BACKGROUND

**A. The Debtor**

31. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

32. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34. ETC denies that Brazos's Chapter 11 filing was precipitated by transactions with ETC and that ETC charged exorbitant prices. ETC lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 34 and therefore denies them.

35. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

**B.  Natural Gas Pricing in Debtor's Ordinary Course of Business**

36. ETC admits the allegations paragraph 36.

37. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38. ETC admits that Debtor has purchased gas for delivery at the Worsham-Steed gas storage facility. ETC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies them.

39. ETC admits that Worsham-Steed is connected to major natural gas pipelines and that ETC entered into trades with Brazos between February 1-10, 2021 that were keyed to the TX-OK index plus or minus between $0.02 to $0.40. ETC denies that the TX-OK index is relevant to the Contested Trades. ETC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies them.

40. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies them.

41. ETC denies that increases in the price of natural gas during the winter storm were unexpected. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them.

**C.  Price Gouging During Winter Storm Uri**

42. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43. ETC lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 43 and therefore denies them.

44. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

45. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies them.

46. ETC admits that parts of north Texas experienced freezing rain on the evening of Wednesday, February 10, 2021, into Thursday, February 11, 2021. ETC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies them.

47. ETC admits that natural gas supplies, as a general matter, began to fall prior to and during the winter storm. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph and therefore denies them.

49. ETC admits the allegations in paragraph 49, as alleged against ETC. ETC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies them.

50. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph and therefore denies them.

51. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies them.

52. ETC admits the allegations in paragraph 52, as alleged against ETC. ETC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

paragraph 52 and therefore denies them.

53. ETC admits that the pricing alleged in paragraph 52 of the Amended Complaint ranged from $120.00/MMBtu to $236.79/MMBTU. ETC denies that the market price for the Contested Trades was the TX-OK index or Henry Hub index price and that ETC sought to impose obligations at amounts above the fair market value of the gas provided. ETC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 and therefore denies them.

54. ETC admits that it charged Brazos $200/MMBtu for gas delivered on February 13, 2021. ETC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and therefore denies them.

55. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies them.

56. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies them.

57. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies them.

58. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies them.

60. ETC admits that it did not execute any trades with Brazos on February 16, 2021, for gas to be delivered on February 17, 2021. ETC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 and therefore denies them.

61. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies them.

62. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies them.

63. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies them.

64. ETC admits that the prices charged to Brazos during the winter storm exceeded prices previously charged, but denies that the reported index prices for the TX-OK hub and Henry Hub have any relevance to the Contested Trades.

**D.    The Contested Trades**

65. ETC admits that Brazos is objecting to the trades listed on Exhibit B to the Amended Complaint. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies them.

66. ETC admits that it and Citigroup entered into a Transfer of Claims Agreement that assigned ETC's claims against Brazos to Citigroup. ETC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 and therefore denies them.

67. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies them.

**E.    The Contested Trades Were Not Arm's Length Transactions**

68. ETC admits the allegations in paragraph 68, as alleged against ETC. ETC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 and therefore denies them.

69. The first sentence of paragraph 69 states legal conclusions that do not require a

response; to the extent a response is required, the allegations are denied. As to the Black's Law Dictionary definition of "arm's-length," the document speaks for itself. ETC admits that it has argued that it and Brazos had equal bargaining power, but ETC denies the remaining allegations in the third sentence of paragraph 69. The fourth and fifth sentences of paragraph 69 state legal conclusions that do not require a response; to the extent a response is required, the allegations are denied. All other allegations in paragraph 69 are denied.

70. ETC denies the allegations in the fourth sentence of paragraph 70. ETC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 and therefore denies them.

71. ETC denies the allegations in paragraph 71.

**F.  Brazos's Insolvency**

72. ETC lacks knowledge or information sufficient to form a belief as to when Brazos may have become insolvent. ETC denies the remaining allegations in paragraph 72.

73. ETC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies them.

74. ETC denies the allegations in paragraph 74.

**G.  The Bankruptcy Case**

75. ETC admits the allegations in paragraph 75.

76. ETC admits the allegations in paragraph 76.

77. ETC lacks knowledge or information sufficient to form a belief as to the truth of the factual assertions and allegations contained in the declaration that is the subject of paragraph 77.

78. ETC admits the allegations in paragraph 78.

79. ETC admits the allegations in paragraph 79, as alleged against ETC. ETC lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79 and therefore denies them.

V.    <u>**CAUSES OF ACTIONS**</u>

<u>**Count 1**</u><br>
**Disallowance of Gas Claims under 11 U.S.C. § 502(b)(1)**<br>
**(Against all Gas Claimants)**

80. Count 1 was previously dismissed, with prejudice to refiling.

81. Count 1 was previously dismissed, with prejudice to refiling.

82. Count 1 was previously dismissed, with prejudice to refiling.

83. Count 1 was previously dismissed, with prejudice to refiling.

84. Count 1 was previously dismissed, with prejudice to refiling.

85. Count 1 was previously dismissed, with prejudice to refiling.

86. Count 1 was previously dismissed, with prejudice to refiling.

87. Count 1 was previously dismissed, with prejudice to refiling.

88. Count 1 was previously dismissed, with prejudice to refiling.

89. Count 1 was previously dismissed, with prejudice to refiling.

90. Count 1 was previously dismissed, with prejudice to refiling.

91. Count 1 was previously dismissed, with prejudice to refiling.

92. Count 1 was previously dismissed, with prejudice to refiling.

93. Count 1 was previously dismissed, with prejudice to refiling.

94. Count 1 was previously dismissed, with prejudice to refiling.

95. Count 1 was previously dismissed, with prejudice to refiling.

<u>**Count 2**</u><br>
**Avoidance of Constructively Fraudulent Obligations Under 11 U.S.C. § 548(a)(1)(B)**<br>
**(Against all Gas Claimants)**

96. ETC incorporates by reference paragraph 1-95 above, as if fully set forth herein.

Count 2, as alleged against ETC, was dismissed with prejudice pursuant to this Court's Dismissal Order entered August 17, 2022:

> The Motions to Dismiss are GRANTED with respect to Counts Two (2) and Three (3) of the Amended Complaint, which are hereby dismissed with prejudice for failure to state a claim upon which relief may be granted as to any obligations that were incurred before February 15, 2021[.]

Dismissal Order ¶ 1(b); *see also* Am. Compl. ¶ 98 ("Each Gas Claim was the result of obligations incurred by the Debtor (i.e., the date of the trade) within two years before the Petition Date."), ¶ 101 ("The obligations to each Gas Claimant were incurred on the date the trade was made…"); Am. Compl. Ex. B (showing last trade with ETC was executed February 13, 2021). To the extent any further answer to Count 2 is required, ETC answers as follows.

97. Paragraph 97 states legal conclusions that do not require a response. To the extent a response is required, the statute speaks for itself.

98. ETC admits the allegations in paragraph 98.

99. ETC denies the allegations in paragraph 99.

100. ETC denies the allegations in paragraph 100.

101. ETC admits that Brazos's obligations to it were incurred on the date each trade was made. ETC denies the remaining allegations in paragraph 101.

102. ETC lacks knowledge or information sufficient to form a belief as to when Brazos may have become insolvent. ETC denies the remaining allegations in paragraph 102.

103. Paragraph 103 states legal conclusions that do not require a response. To the extent a response is required, ETC denies the allegations in paragraph 103 and denies that Brazos is entitled to the requested relief.

## Count 3
### Avoidance of Constructively Fraudulent Obligations Under 11 U.S.C. § 544(b) and TEX. BUS. & COM. CODE § 24.005
### (Against all Gas Claimants)

104. ETC incorporates by reference paragraphs 1-103 above, as if fully set forth herein. Count 3, as alleged against ETC, was dismissed with prejudice pursuant to this Court's Dismissal Order entered August 17, 2022:

> The Motions to Dismiss are GRANTED with respect to Counts Two (2) and Three (3) of the Amended Complaint, which are hereby dismissed with prejudice for failure to state a claim upon which relief may be granted as to any obligations that were incurred before February 15, 2021[.]

Dismissal Order ¶ 1(b); *see also* Am. Compl. ¶ 109 ("Each Gas Claim was the result of obligations incurred on the date the trade was made by the Debtor [.]"), ¶ 113 ("Debtor is entitled to an avoidance and reduction of each Gas Claim to the extent the obligations incurred (on the dates the trades were made)…"); Am. Compl. Ex. B (showing last trade with ETC was executed February 13, 2021). To the extent any further answer to Count 3 is required, ETC answers as follows.

105. Paragraph 105 states legal conclusions that do not require a response. To the extent a response is required, the statute speaks for itself.

106. Paragraph 106 states legal conclusions that do not require a response. To the extent a response is required, the statute speaks for itself.

107. ETC admits the allegations in paragraph 107.

108. Paragraph 108 states legal conclusions that do not require a response. To the extent a response is required, the statute speaks for itself.

109. ETC admits the allegations in paragraph 109.

110. ETC denies the allegations in paragraph 110.

111. ETC denies the allegations in paragraph 111

112. ETC admits the allegations in the first sentence of paragraph 112. The second

sentence of paragraph 112 states legal conclusions that do not require a response. To the extent a response is required, ETC denies the allegations in the second sentence of paragraph 112.

113. Paragraph 113 states legal conclusions that do not require a response. To the extent a response is required, ETC denies the allegations in paragraph 113 and denies that Brazos is entitled to the relief requested in paragraph 113.

### Count 4
### Objection to Priority of Gas Claims Under
### 11 U.S.C. § 503(b)(9); Goods Were Not Sold In the
### Ordinary Course of the Debtor's Business

114. ETC incorporates by reference paragraph 1-113 above, as if fully set forth herein.

115. Paragraph 115 states legal conclusions that do not require a response. To the extent a response is required, the statute speaks for itself.

116. ETC admits the allegations in paragraph 116.

117. ETC admits the allegations in paragraph 117, as alleged against ETC. ETC has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 117 and therefore denies them.

118. ETC denies the allegations in paragraph 118, as alleged against ETC. ETC has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 118 and therefore denies them.

119. Paragraph 119 states legal conclusions that do not require a response. To the extent a response is required, ETC denies the allegations in paragraph 119 and denies that Brazos is entitled to the relief requested in paragraph 119.

### Count 5
### Objection to Priority of Gas Claims Under 11 U.S.C. § 503(b)(9):
### The Gas Claims Exceed the Value of Goods Received

120. ETC incorporates by reference paragraph 1-119 above, as if fully set forth herein.

121. ETC denies the allegations in paragraph 121 as alleged against ETC. ETC has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 121 and therefore denies them.

122. ETC denies the allegations in paragraph 122 as alleged against ETC. ETC has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 122 and therefore denies them.

123. Paragraph 123 states legal conclusions that do not require a response. To the extent a response is required, ETC denies the allegations in paragraph 123 and denies that Brazos is entitled to the relief requested in paragraph 123.

## VI. RESERVATION OF RIGHTS AND RIGHT TO AMEND

124. Paragraph 124 states legal conclusions that do not require a response. To the extent a response is required, ETC denies the allegations in paragraph 124 and denies that Brazos is entitled to the relief requested in paragraph 124.

125. Paragraph 125 states legal conclusions that do not require a response. To the extent a response is required, ETC denies the allegations in paragraph 125 and denies that Brazos is entitled to the relief requested in paragraph 125.

126. All other allegations not expressly admitted herein are denied.

## VII. AFFIRMATIVE DEFENSES

ETC asserts the Affirmative Defenses listed below. ETC reserves the right to amend its Answer, including to assert additional defenses, cross-claims, and counterclaims consistent with the facts discovered in the case.

### First Affirmative Defense:
### Counts 1-3 – Law of the Case

1. Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, Counts 1-3 of the Amended Complaint fail in their entirety because the Court previously dismissed those counts with prejudice as to ETC.[3] Order [Dkt. No. 98].

### Second Affirmative Defense:
### Counts 2 – ETC Took in Good Faith and For Value

2. Subject to and without waiving any prior objections, answers, or defenses and without altering the burden of proof in this matter, Count 2 of the Amended Complaint fails, in whole or in part, under 11 U.S.C. § 548(c).

3. Pursuant to § 548(c):

> Except to the extent that a transfer or obligation voidable under this section is voidable under section 544, 545, or 547 of this title, a transferee or obligee of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation.

4. Value under this section is viewed from the perspective of transferee/obligee (ETC), not the transferor/obligor (Brazos).

5. Similarly, Tex. Bus. & Com. Code § 24.009(d)(1) states that:

> Notwithstanding voidability of a transfer or an obligation under this chapter, a good faith transferee or obligee is entitled, at the transferee's or obligee's election, to the extent of the value given the debtor for the transfer or obligation, to: (A) a lien, prior to the rights of a voiding creditor under this chapter, or a right to retain any interest in the asset transferred; (B) enforcement of any obligation incurred; or (C) a reduction in the amount of the liability on the judgment.

---

[3] ETC intends to file a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure, as to Counts 2 and 3.

6. As admitted in the Amended Complaint, ETC executed its last trade with Brazos on February 13, 2021, at a price of $145 per MMBtu. Am. Compl., Ex. B. Brazos executed one other trade on February 13, 2021, with Concord Energy, LLC, at a price of $200 per MMBtu. Market prices thereafter rose, with trades executed between February 15-18, 2021, ranging from a low of $500 per MMBtu (Concord Energy, LLC) to a high of $950 per MMBtu (Mercuria Energy America, LLC). *Id*. Had ETC not sold natural gas to Brazos on February 13, ETC could have sold the gas on the open market for amounts in excess of what it charged Brazos, satisfying the value component of the § 548(c) and § 24.009(d)(1) defenses. Similarly, had Brazos wished to purchase gas from an entity other than ETC, it would have had to pay a higher price. Thus, viewed from either party's perspective, the value of the natural gas Brazos received was commensurate with the obligation it incurred.

7. As to the second prong, good faith, there is no allegation (and there will be no evidence) that ETC colluded with other Gas Claimants or acted with a lack of good faith when executing its trades with ETC.

8. Accordingly, Count 2 of the Amended Complaint fails.

## VIII.   PRAYER

The statements in the Amended Complaint's Prayer do not contain any allegations that ETC is required to admit or deny. To the extent any portion of Brazos's Prayer may be deemed to require admission or denial, ETC denies such allegations and denies that Brazos is entitled to any of its requested relief.

Dated: September 16, 2022

Respectfully submitted,

**KATTEN MUCHIN ROSENMANN LLP**

*/s/ Michaela Crocker*
John E. Mitchell
State Bar No. 00797095
Email: john.mitchell@katten.com
Michaela Crocker
State Bar No. 24031985
Email: michaela.crocker@katten.com
Yelena E. Archiyan
State Bar No. 24119035
Email: yelena.archiyan@katten.com
2121 North Pearl St., Ste. 1100
Dallas, TX 75201
Telephone: (214) 765-3600


**YETTER COLEMAN LLP**
R. Paul Yetter
State Bar No. 22154200
Email: pyetter@yettercoleman.com
Bryce L. Callahan
Email: bcallahan@yettercoleman.com
State Bar No. 24055248
Ali Shan Ali Bhai
Email: asalibhai@yettercoleman.com
State Bar. No. 24121498
811 Main Street, Suite 4100
Houston, TX 77002
Telephone: (713) 632-8000

**COUNSEL TO ETC MARKETING, LTD.**


### CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2022, a true and correct copy of the above and foregoing was served upon all counsel of record using the Court's electronic filing system.

*/s/ Michaela Crocker*
Michaela Crocker

154084451