IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br><br>      Debtor.[1] | Chapter 11<br><br>Case No. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br>      Plaintiff,<br><br>v.<br><br>507 CAPITAL, LLC, *et al.*,<br>      Defendants. | Adv. Proc. No. 21-04407 (DRJ)<br>Related to Dkt. No. 77 |

**ETC MARKETING, LTD.'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTS 2 AND 3 OF THE FIRST AMENDED COMPLAINT**

Defendant ETC Marketing, Ltd. ("ETC") files this *Motion for Judgment on the Pleadings* under Federal Rule of Civil Procedure 12(c)[2] requesting dismissal with prejudice of Counts 2 and 3 of the *First Amended Complaint Objecting to Proofs of Claim Related to Certain Natural Gas Claims* (Dkt. No. 77, the "Amended Complaint")[3] filed by Brazos Electric Power Cooperative, Inc. ("Brazos").

---

[1] Debtor in this Chapter 11 case, along with the last four digits of its federal tax identification number is Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

[2] As incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed in the Amended Complaint.

1

## I.    PRELIMINARY STATEMENT[4]

1. On August 17, 2022, this Court entered an Order resolving ETC's motion to dismiss the Amended Complaint, ruling partially as follows:

> The Motions to Dismiss are GRANTED with respect to Counts Two (2) and Three (3) of the Amended Complaint, which are hereby dismissed with prejudice for failure to state a claim upon which relief may be granted as to any obligations that were incurred before February 15, 2021… Debtor's request for leave to further amend the Amended Complaint is DENIED.

2. The Amended Complaint and Answer clearly establish that (a) Brazos's Obligations to ETC were incurred on the date each trade was made and (b) the last trade between Brazos and ETC was executed on February 13, 2022, two days before the date stated in the Order.

3. Despite this, Brazos now takes the position that its Obligations to ETC were incurred when Brazos took physical delivery of the natural gas, an allegation inconsistent with the Amended Complaint and contrary to this Court's Order denying Brazos leave to amend. Because this position contravenes Brazos's Amended Complaint, ETC requests that the Court enter an order finding that the Obligations were incurred prior to February 15, 2022 and dismissing Counts 2 and 3 of the Amended Complaint against ETC with prejudice.

## II.    LEGAL STANDARD

4. Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12 (c). The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *See Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). If discovery will not help the court resolve the motion, a Rule 12(c) motion should be brought

---

[4] Capitalized terms used in the Preliminary Statement are defined in the body of the Motion.

sooner to avoid the expense of further discovery. *See Marsilio v. Vigluicci*, 924 F. Supp. 2d 837, 847 (N.D. Ohio 2013).

### III.   FACTUAL AND PROCEDURAL HISTORY

5.  Brazos filed its Amended Complaint on June 1, 2022.[5] Counts 2 and 3 of the Amended Complaint allege that the obligations Brazos incurred to ETC as a result of the Contested Trades (the "Obligations") should be avoided as constructively fraudulent under 11 U.S.C. § 548(a)(1)(B) and Tex. Bus. Com. Code § 24.005(a)(2).

6.  On August 17, 2022, the Court entered an order (Dkt. No. 98, the "Order")[6] dismissing with prejudice Counts 2 and 3 of the Amended Complaint as to all Obligations incurred prior to February 15, 2022. The Order also denied Brazos's request to further amend the Amended Complaint.

7.  ETC filed its Answer on September 16, 2022 (Dkt. No. 101, the "Answer");[7] a trial date has not been set. Thus, this motion is ripe for ruling.

### IV.   ARGUMENT

8.  Counts 2 and 3 of the Amended Complaint specifically allege that Brazos incurred the Obligations owing to ETC **on the date each trade was made**, not when Brazos took delivery of the natural gas.

Count 2:

- "Each Gas Claim was the result of **obligations incurred by the Debtor (i.e., the date of the trade)** within two years before the Petition Date." Am. Compl. ¶ 98 (emph. added).

---

[5] A copy of the Amended Complaint is attached as Exhibit A.
[6] A copy of this Court's Order is attached as Exhibit B. The Order resolved multiple motions to dismiss filed by the Gas Claimants. ETC's motion may be found at Dkt. No. 80.
[7] A copy of ETC's Answer is attached as Exhibit C.

- "The **obligations to each Gas Claimant were incurred on the date the trade was made** while the Debtor was insolvent, or the Debtor became insolvent as a result of the **obligations incurred** (**on the date the trade was made**) to each Gas Claimant. At the time of, or as a result of the **obligations incurred on the date the trade was made** to each Gas Claimant, the Debtor was engaged in, or was about to be engaged in, a business or transaction for which any property remaining with the Debtor was unreasonably small in relation to its business. In addition, at the time the obligations to each Gas Claimant were incurred, the Debtor intended to incur, or believed that it would incur, debts beyond the Debtor's ability to pay as such debts matured." *Id.* ¶ 101 (emph. added).

Count 3:

- "Each Gas Claim was the result of **obligations incurred on the date the trade was made** by the Debtor prior to the Petition Date." *Id.* ¶ 109 (emph. added).

9.     As relevant here, ETC admitted these allegations in its Answer. Answer ¶¶ 98, 101, 109. Thus, the pleadings establish that Brazos's Obligation to ETC were incurred on the date each trade was made.

10.    As shown by Exhibit B to the Amended Complaint, the Contested Trades between ETC and Brazos were each executed on or before **February 13, 2022**, two days prior to the **February 15, 2022** date provided by the Order. Accordingly, the entirety of Counts 2 and 3, as alleged against ETC, were previously dismissed with prejudice and may not be pursued.

For the foregoing reasons, ETC respectfully requests that the Court enter an Order dismissing with prejudice Counts 2 and 3 of the Amended Complaint as alleged against ETC.

Dated: September 16, 2022

Respectfully submitted,

| **KATTEN MUCHIN ROSENMANN LLP** | **YETTER COLEMAN LLP** |
|---|---|
| /s/ *Michaela Crocker* | |
| John E. Mitchell | R. Paul Yetter |
| State Bar No. 00797095 | State Bar No. 22154200 |
| Email: john.mitchell@katten.com | Email: pyetter@yettercoleman.com |
| Michaela Crocker | Bryce L. Callahan |
| State Bar No. 24031985 | Email: bcallahan@yettercoleman.com |
| Email: michaela.crocker@katten.com | State Bar No. 24055248 |
| Yelena E. Archiyan | Ali Shan Ali Bhai |
| State Bar No. 24119035 | Email: asalibhai@yettercoleman.com |
| Email: yelena.archiyan@katten.com | State Bar. No. 24121498 |
| 2121 North Pearl St., Ste. 1100 | 811 Main Street, Suite 4100 |
| Dallas, TX 75201 | Houston, TX 77002 |
| Telephone: (214) 765-3600 | Telephone: (713) 632-8000 |

**COUNSEL TO ETC MARKETING, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2022, a true and correct copy of the above and foregoing was served upon all counsel of record using the Court's electronic filing system.

/s/ *Michaela Crocker*
Michaela Crocker

5

154239586