IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br><br>                  Debtor. | Chapter 11<br><br>Case No. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br>                  Plaintiff,<br><br>v.<br><br>507 CAPITAL LLC, et al.,<br>                  Defendants.[1] | Adv. Proc. No. 21-04407 (DRJ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS 507 CAPITAL LLC, 507 SUMMIT LLC, CETUS CAPITAL VI, L.P., CROSSINGBRIDGE LOW DURATION HIGH YIELD FUND, DESTINATIONS GLOBAL FIXED INCOME OPPORTUNITIES FUND, DESTINATIONS LOW DURATION FIXED INCOME FUND, LEAFFILTER NORTH HOLDINGS, INC., OFM II, LP, OU 2 LLC, RIVERPARK SHORT TERM HIGH YIELD FUND, RIVERPARK STRATEGIC INCOME FUND AND TWO SEAS GLOBAL (MASTER) FUND LP**

Defendants 507 Capital LLC, 507 Summit LLC, Cetus Capital VI, L.P., CrossingBridge Low Duration High Yield Fund, Destinations Global Fixed Income Opportunities Fund, Destinations Low Duration Fixed Income Fund, Leaffilter North Holdings, Inc., OFM II, LP, OU 2 LLC, RiverPark Short Term High Yield Fund, RiverPark Strategic Income Fund and Two Seas

---

[1] The Defendants in this adversary proceeding are: 507 Capital LLC, 507 Summit LLC, Cetus Capital VI, L.P., Chase Lincoln First Commercial Corporation, Citigroup Financial Products Inc., CrossingBridge Low Duration High Yield Fund, Destinations Global Fixed Income Opportunities Fund, Destinations Low Duration Fixed Income Fund, Koch Energy Services LLC, Leaffilter North Holdings, Inc., NJR Energy Services Co., OFM II, LP, OU 2 LLC, RiverPark Short Term High Yield Fund, RiverPark Strategic Income Fund, Total Gas & Power North America, Inc. and Two Seas Global (Master) Fund LP.

1

Global (Master) Fund LP (together, "Consolidated Defendants") hereby answer the Amended Complaint as follows:[2]

## ANSWER

### I. NATURE OF THE ACTION

1. Consolidated Defendants admit that in February 2021, Brazos purchased natural gas from different suppliers that it then used to generate electricity, that those trades were entered into by Brazos through its agent, Alliance for Cooperative Energy Services Power Marketing, LLC ("ACES"), that certain gas trades were executed during the period February 12-18, 2021 ("Contested Period") and that ERCOT set electricity prices at $9,000/MWh on February 15, 2021. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1.

2. Consolidated Defendants admit the allegations in the first sentence of Paragraph 2 and that Gas Suppliers charged Brazos prices of up to $950/MMBtu for natural gas during the period February 12-16, 2021. Consolidated Defendants deny that the fair market value of the gas delivered to Brazos is the NGPL TX-OK index price, and that the they seek to impose obligations on Brazos that are above the fair market value of the gas delivered. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2.

3. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

---

[2] The Amended Complaint's headings and sub-headings are included herein solely for ease of reference. Consolidated Defendants deny the factual and legal contentions in the headings and sub-headings.

4. Consolidated Defendants admit that Brazos has settled claims with another gas supplier, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4.

5. Consolidated Defendants admit that the Amended Complaint contains five counts, but deny the remaining allegations in Paragraph 5.

6. Paragraph 6 states legal conclusions as to which no response is required and relate to Count 1 which was dismissed with prejudice. To the extent a response is required, Consolidated Defendants deny the allegations.

7. Paragraph 7 states legal conclusions as to which no response is required. To the extent a response is required, Consolidated Defendants deny the allegations.

8. Consolidated Defendants admit that the Governor of Texas and President of the United States made disaster declarations during Winter Storm Uri. Paragraph 8 otherwise states legal conclusions as to which no response is required. To the extent a response is required, Consolidated Defendants deny the allegations.

9. Paragraph 9 states legal conclusions as to which no response is required. To the extent a response is required, Consolidated Defendants deny the allegations.

## II.   THE PARTIES

10. Consolidated Defendants admit that Brazos filed a petition for relief under Chapter 11 of the Bankruptcy Code and that it continues to operate its properties as debtor in possession, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10.

11. Consolidated Defendants admit the allegations in Paragraph 11.

12. Consolidated Defendants admit the allegations in Paragraph 12.

13. Consolidated Defendants admit the allegations in Paragraph 13.

14. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. Consolidated Defendants admit that ETC appeared in this adversary proceeding, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15.

16. Consolidated Defendants admit the allegations in Paragraph 16.

17. Consolidated Defendants admit the allegations in Paragraph 17.

18. Consolidated Defendants admit the allegations in Paragraph 18.

19. Consolidated Defendants admit the allegations in Paragraph 19.

20. Consolidated Defendants admit that NJR appeared in this adversary proceeding, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20.

21. Consolidated Defendants admit the allegations in Paragraph 21.

22. Consolidated Defendants admit the allegations in Paragraph 22.

23. Consolidated Defendants admit the allegations in Paragraph 23.

24. Consolidated Defendants admit the allegations in Paragraph 24.

25. Consolidated Defendants admit that Total appeared in this adversary proceeding, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25.

26. Consolidated Defendants admit the allegations in Paragraph 26.

### III. JURISDICTION, VENUE, AND AUTHORITY

27. Paragraph 27 states legal conclusions as to which no response is required. To the extent a response is required, Consolidated Defendants admit the allegations.

28. Paragraph 28 states legal conclusions as to which no response is required. To the extent a response is required, Consolidated Defendants admit the allegations.

29. Paragraph 29 states legal conclusions as to which no response is required. To the extent a response is required, Consolidated Defendants deny the allegations.

30. Paragraph 30 states legal conclusions as to which no response is required. To the extent a response is required, Consolidated Defendants admit the allegations. Consolidated Defendants consent to this Court's entry of final orders or judgment in this adversary proceeding.

### IV.   FACTUAL BACKGROUND

**A.   The Debtor**

31. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34. Consolidated Defendants deny that Mercuria and Concord charged Brazos exorbitant prices for natural gas and deny that Brazos's Chapter 11 filing was precipitated by Brazos's transactions with them, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34.

35. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

**B.   Natural Gas Pricing in Debtor's Ordinary Course of Business**

36. Consolidated Defendants admit the allegations in Paragraph 36.

37. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38. Consolidated Defendants admit that Brazos purchased gas for delivery at the Worsham-Steed gas storage facility, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38.

39. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39.

40. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40.

41. Consolidated Defendants admit that natural gas prices increased as Winter Storm Uri approached North Texas and also during the Contested Period, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 41.

C. **Price Gouging During Winter Storm Uri**

42. Consolidated Defendants admit that ERCOT issued a winter storm warning on February 8, 2021, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42.

43. Consolidated Defendants admit that on February 9, 2021, the National Weather Service issued a winter storm warning, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43.

44. Consolidated Defendants admit that on February 10, 2021, PUCT issued a winter storm warning, but lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

45. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

46. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

49. Consolidated Defendants admit the allegations in Paragraph 49 as alleged with respect to Concord; as to Mercuria, Consolidated Defendants admit the allegations in Paragraph 49 as to the "High Price/MMBtu" but deny the allegations as to the "Low Price/MMBtu". Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 49.

50. Consolidated Defendants admit that on February 12, 2021, Governor Abbott issued a disaster declaration, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 50.

51. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51.

52. Consolidated Defendants admit the allegations as to the "Low Price/MMBtu" and the "High Price/MMBtu" charged by Concord and Mercuria, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 52.

53. Consolidated Defendants deny the allegations in the last sentence of Paragraph 53 and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 53.

54. Consolidated Defendants admit that on February 13, 2021, ERCOT issued an emergency notice for an extreme cold weather event. Consolidated Defendants deny that Concord charged Brazos $145/MMBtu for gas to be delivered that same day. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 54.

55. Consolidated Defendants admit that on February 14, 2021, the President of the United States declared that an emergency existed in the State of Texas, but lack knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 55.

56. Consolidated Defendants admit that on February 14, 2021, Concord charged Brazos $175/MMBtu for gas to be delivered that day, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 56.

57. Consolidated Defendants admit the allegations in Paragraph 57.

58. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60. Consolidated Defendants admit the allegations as to the "Low Price/MMBtu" and the "High Price/MMBtu" charged by Mercuria, and that Concord did not sell Brazos gas on February 16, 2021, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60.

61. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62. Consolidated Defendants admit that on February 18, 2021, Concord charged Brazos $500/MMBtu for gas to be delivered that same day, but lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63. Consolidated Defendants admit that the PUCT set electricity prices at $9,000/MWh prior to February 16, 2021, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 63.

64. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

### D. The Contested Trades

65. Consolidated Defendants admit that Brazos is objecting to the trades listed on Exhibit B, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65.

66. Consolidated Defendants admit that Mercuria and Concord have sold their claims to Consolidated Defendants, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 66.

67. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

### E. The Contested Trades Were Not Arm's Length Transactions

68. Consolidated Defendants admit the allegations in Paragraph 68, as alleged with respect to Mercuria and Concord, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 68.

69. As to the Black's Law Dictionary definition of "arm's-length" and language of Tex. Util. Code § 186.002, the document and statute speak for themselves. The remaining

allegations in Paragraph 69 are legal conclusions as to which no response is required. To the extent a response is required, Consolidated Defendants deny the allegations.

70. Consolidated Defendants deny the allegations in Paragraph 70.

71. Consolidated Defendants deny the allegations in Paragraph 71.

**F.    Brazos's Insolvency**

72. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 72.

73. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 73.

74. Consolidated Defendants deny the allegations in Paragraph 74.

**G.    The Bankruptcy Case**

75. Consolidated Defendants admit the allegations in Paragraph 75.

76. Consolidated Defendants admit the allegations in Paragraph 76.

77. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the statements and allegations in the declaration referenced in Paragraph 77.

78. Consolidated Defendants admit the allegations in Paragraph 78.

79. Consolidated Defendants admit the allegations in Paragraph 79, as to themselves, but lack knowledge or information sufficient to form a belief about said allegations as to the other Gas Claimants.

## V. CAUSES OF ACTION

### Count 1
### Disallowance of Gas Claims under 11 U.S.C. § 502(b)(1)
### (Against all Gas Claimants)

80. Paragraph 80 requires no response as Count 1 was previously dismissed. To the extent a response is required, Consolidated Defendants deny the allegations.

81. Paragraph 81 requires no response as Count 1 was previously dismissed. To the extent a response is required, Consolidated Defendants deny the allegations.

82. Paragraph 82 requires no response as Count 1 was previously dismissed. To the extent a response is required, Consolidated Defendants deny the allegations.

83. Paragraph 83 requires no response as Count 1 was previously dismissed. To the extent a response is required, Consolidated Defendants deny the allegations.

84. Paragraph 84 requires no response as Count 1 was previously dismissed. To the extent a response is required, Consolidated Defendants deny the allegations.

85. Paragraph 85 requires no response as Count 1 was previously dismissed. To the extent a response is required, Consolidated Defendants deny the allegations.

86. Paragraph 86 requires no response as Count 1 was previously dismissed. To the extent a response is required, Consolidated Defendants deny the allegations.

87. Paragraph 87 requires no response as Count 1 was previously dismissed. To the extent a response is required, Consolidated Defendants deny the allegations.

88. Paragraph 88 requires no response as Count 1 was previously dismissed. To the extent a response is required, Consolidated Defendants deny the allegations.

89. Paragraph 89 requires no response as Count 1 was previously dismissed. To the extent a response is required, Consolidated Defendants deny the allegations.

90. Paragraph 90 requires no response as Count 1 was previously dismissed.  To the extent a response is required, Consolidated Defendants deny the allegations.

91. Paragraph 91 requires no response as Count 1 was previously dismissed.  To the extent a response is required, Consolidated Defendants deny the allegations.

92. Paragraph 92 requires no response as Count 1 was previously dismissed.  To the extent a response is required, Consolidated Defendants deny the allegations.

93. Paragraph 93 requires no response as Count 1 was previously dismissed.  To the extent a response is required, Consolidated Defendants deny the allegations.

94. Paragraph 94 requires no response as Count 1 was previously dismissed.  To the extent a response is required, Consolidated Defendants deny the allegations.

95. Paragraph 95 requires no response as Count 1 was previously dismissed.  To the extent a response is required, Consolidated Defendants deny the allegations.

**Count 2**
**Avoidance of Constructively Fraudulent Obligations under 11 U.S.C. § 548(a)(1)(B)**
**(Against all Gas Claimants)**

96. Paragraph 96 does not make any allegation as to which a response is required.

97. Paragraph 97 states legal conclusions as to which no response is required.  To the extent a response is required, the statute speaks for itself.

98. Consolidated Defendants admit the allegations in Paragraph 98.

99. Consolidated Defendants deny the allegations in Paragraph 99.

100. Consolidated Defendants deny the allegations in Paragraph 100.

101. Consolidated Defendants admit that Brazos's obligations were incurred on the date each trade was made, but deny the remaining allegations in Paragraph 101.

102. Consolidated Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102.

103. Paragraph 103 states legal conclusions as to which no response is required. To the extent a response is required, Consolidated Defendants deny the allegations.

### Count 3
### Avoidance of Constructively Fraudulent Obligations under 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code § 24.005
### (Against all Gas Claimants)

104. Paragraph 104 does not make any allegation as to which a response is required.

105. Paragraph 105 states legal conclusions as to which no response is required. To the extent a response is required, the statute speaks for itself.

106. Paragraph 106 states legal conclusions as to which no response is required. To the extent a response is required, the statute speaks for itself.

107. Consolidated Defendants admit the allegations in Paragraph 107.

108. Paragraph 108 states legal conclusions as to which no response is required. To the extent a response is required, the statute speaks for itself.

109. Consolidated Defendants admit the allegations in Paragraph 109.

110. Consolidated Defendants deny the allegations in Paragraph 110.

111. Consolidated Defendants deny the allegations in Paragraph 111.

112. Consolidated Defendants admit the allegations in the first sentence of Paragraph 112. The second sentence states legal conclusions as to which no response is required. To the extent a response is required, Consolidated Defendants deny the allegations.

113. Paragraph 113 states legal conclusions as to which no response is required. To the extent a response is required, Consolidated Defendants deny the allegations.

### Count 4
### Objection to Priority of Gas Claims under 11 U.S.C. § 503(b)(9):
### Goods Were Not Sold in the Ordinary Course of the Debtor's Business

114. Paragraph 114 does not make any allegation as to which a response is required.

115. Paragraph 115 states legal conclusions as to which no response is required. To the extent a response is required, the statute speaks for itself.

116. Consolidated Defendants admit the allegations in Paragraph 116.

117. Consolidated Defendants admit the allegations in Paragraph 117.

118. Consolidated Defendants deny the allegations in Paragraph 118.

119. Consolidated Defendants deny the allegations in Paragraph 119.

### Count 5
### Objection to Priority of Gas Claims under 11 U.S.C. § 503(b)(9): The Gas Claims Exceed the Value of Goods Received

120. Paragraph 120 does not make any allegation as to which a response is required.

121. Consolidated Defendants deny the allegations in Paragraph 121.

122. Consolidated Defendants deny the allegations in Paragraph 122.

123. Consolidated Defendants deny the allegations in Paragraph 123.

### VI.  RESERVATION OF RIGHTA AND RIGHT TO AMEND

124. Paragraph 124 states legal conclusions as to which no response is required. To the extent a response is required, Consolidated Defendants deny the allegations.

125. Paragraph 125 states legal conclusions as to which no response is required. To the extent a response is required, Consolidated Defendants deny the allegations.

### VII.  PRAYER

Consolidated Defendants deny that Brazos is entitled to any of the relief requested.

### AFFIRMATIVE DEFENSES

Consolidated Defendants assert the following affirmative defenses and reserve the right to amend this pleading to assert other or further defenses when and if in the course of its investigation, discovery or preparation for trial it becomes appropriate.

1.      Consolidated Defendants' Gas Claims are fully enforceable under 11 U.S.C. § 548(c) and TEX. BUS. & COM. CODE § 24.009(d)(1), because Concord and Mercuria, and the Consolidated Defendants, are good faith obligees, and the full amount of their Gas Claims are for value given Brazos in the form of natural gas in exchange for the respective payment obligations, under arm's length transactions between the parties.

2.      Brazos's fraudulent transfer claims are barred by the doctrines of ratification, waiver, estoppel (including equitable estoppel), unclean hands and mitigation of damages.

3.      Brazos's fraudulent transfer claims are barred by Uniform Commercial Code provisions requiring that Brazos pay the contract price for gas delivered to and accepted by it, including TEX. BUS. & COM. CODE §§ 2.301, 2.607(a) and 2.709(a) and corresponding provisions of the New York Uniform Commercial Code.

4.      Brazos's fraudulent transfer claims are barred to the extent that it does not have unsecured creditors whose claims are not being paid in full under its chapter 11 plan.

## **PRAYER FOR RELIEF**

Wherefore, Consolidated Defendants respectfully request that the Court dismiss Brazos's claims against them and grant them such other and further relief that the Court deems just and proper.

Dated: September 16, 2022                     Respectfully submitted,

                                                                            */s/  Robert M. Corn*
                                                                            Robert M. Corn
                                                                            Southern District of Texas Bar No. 2064
                                                                            State Bar of Texas No. 0482600
                                                              3131 Eastside Street, Suite 440
                                                              Houston, Texas 77098-1947
                                                              Tel: (713) 229-0055
                                                              Fax: (713) 229-0057
                                                              rcorn@corn-law.com

Of counsel:

Avery Samet (pro hac vice)
Jeffrey Chubak (pro hac vice)
Amini LLC
131 West 35th Street, 12th Floor
New York, New York 10001
Tel: (212) 490-4700
Fax: (212) 497-8222
asamet@aminillc.com
jchubak@aminillc.com

                    Attorneys for Defendants 507 Capital LLC, 507 Summit LLC, Cetus Capital VI, L.P., CrossingBridge Low Duration High Yield Fund, Destinations Global Fixed Income Opportunities Fund, Destinations Low Duration Fixed Income Fund, Leaffilter North Holdings, Inc., OFM II, LP, OU 2 LLC, RiverPark Short Term High Yield Fund, RiverPark Strategic Income Fund and Two Seas Global (Master) Fund LP