**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC., | Case No.:  21-30725 (DRJ) |
| Debtor.[1] | |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC., | Adv. Pro. No.:  21-04407 (DRJ) |
| Plaintiff, | |
| v. | |
| 507 CAPITAL, LLC, et al., | |
| Defendants. | |

**NJR ENERGY SERVICES COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES
TO THE DEBTOR'S FIRST AMENDED COMPLAINT**

NJR Energy Services Company ("**NJRES**"), by and through its attorneys, Gibbons P.C., by way of its Answer and Affirmative Defenses to *The Debtor's First Amended Complaint Objecting to Proofs of Claim Related to Certain Natural Gas Sales to the Debtor* (**ECF No. 77** (the "**Amended Complaint**")), filed by Brazos Electric Power Cooperative, Inc. ("**Brazos**" or "**Debtor**"), hereby states as follows:

**NATURE OF THE ACTION**

1.      NJRES admits that Brazos purchased natural gas from NJRES in February 2021 and that those trades were entered into by Brazos through its agent, Alliance for Cooperative Energy Services Power Marketing, LLC ("**ACES**").   NJRES lacks sufficient knowledge or

---

[1]  The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

1

information to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 and leaves Brazos to its proofs thereon.

2.      NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2, a number of which are not directed to NJRES, and leaves Brazos to its proofs thereon.

3.      NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3, a number of which are not directed to NJRES, and leaves Brazos to its proofs thereon.

4.      NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4, a number of which are not directed to NJRES, and leaves Brazos to its proofs thereon.  NJRES responds further that this Court's Order dated August 17, 2022 [**ECF No. 98**] ( the "**August 17 Order**") "dismissed with prejudice … any obligations that were incurred before February 15, 2021."

5.      NJRES admits that the Amended Complaint, as drafted, contained five counts. lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 and leaves Brazos to its proofs thereon.  NJRES responds further that Brazos's "price-gouging scheme" and "extortionate prices" allegations were dismissed by the August 17 Order. As a result, no response is required.

6.      NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order, and so no response is required.  To the extent that a response is required, NJRES denies the allegations in Paragraph 6.

7.      The allegations contained in this Paragraph contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of

Paragraph 7.  NJRES responds further that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021."

8.      The allegations contained in this Paragraph contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 8.  NJRES responds further that the Court's August 17 Order dismissed Brazos's allegations that the gas claims are "for exorbitant gas prices that constitute price gouging" and Brazos's allegations that the gas claims are for "unconscionable prices,". As a result, no response to these allegations is required.

9.      The allegations contained in this Paragraph contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 9 and denies that the Debtor is entitled to the relief requested in Paragraph 9.

## THE PARTIES

10.      NJRES admits that Brazos filed a petition for relief under chapter 11, title 11, United States Code (the "**Bankruptcy Code**") and that it continues to operate its business as a debtor-in-possession.  NJRES lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 and leaves Brazos to its proofs thereon.

11.      NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

12.      NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

13.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

14.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

15.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

16.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

17.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

18.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

19.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

20.     NJRES admits the allegations set forth in Paragraph 20.

21.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

22.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

23.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

24.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

25.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

26.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

## **JURISDICTION, VENUE, AND AUTHORITY**

27.     The allegations contained in this Paragraph contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 27.

28.     The allegations contained in this Paragraph contain legal conclusions to which no response is required.   To the extent a response is required, NJRES denies the allegations of Paragraph 28.

29.     The allegations contained in this Paragraph contain legal conclusions to which no response is required.   To the extent a response is required, NJRES denies the allegations of Paragraph 29.

30.     The allegations contained in Paragraph 30 assert legal conclusions to which no response is required, except NJRES avers that Brazos purports to rely upon the statutory provisions set forth therein.   To the extent that the within adversary proceeding or any portion thereof is found not to be a "core" proceeding, pursuant to the United States Supreme Court decision in *Stern v. Marshall*, 564 U.S. 462 (2011), FED. R. BANKR. P. 7008, and Local Bankruptcy Rule 7008-1, NJRES does not consent to entry of final orders or judgment by the Bankruptcy Court.

## FACTUAL BACKGROUND

### The Debtor

31.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

32.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 32, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

33.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33, which are not directed to NJRES, and leaves Brazos to its proofs thereon.

34.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 34 and leaves Brazos to its proofs thereon.

35.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35 and leaves Brazos to its proofs thereon.

### Natural Gas Pricing in Debtor's Ordinary Course of Business

36.     Upon information and belief,  NJRES admits the allegation set forth in Paragraph 36.

37.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37 and leaves Brazos to its proofs thereon.

38.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 38, which are not directed at NJRES, and leaves Brazos to its proofs thereon.

39.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 39, which are not directed at NJRES, and leaves Brazos to its proofs thereon.

40.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 40, which are not directed at NJRES, and leaves Brazos to its proofs thereon.

41.     NJRES admits that the price of natural gas increased at the Worsham-Steed gas storage facility as Winter Storm Uri approached the area.  NJRES denies that those price increases were unexpected.  NJRES lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 and leaves Brazos to its proofs thereon.

## Price Gouging During Winter Storm Uri

42.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 42, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

43.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 43, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

44.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 44, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

45.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 45 and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order and that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021."  As a result, no further response is required.

46.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 46, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

47.     NJRES admits that natural gas supplies in the relevant area declined during Winter Storm Uri.  NJRES lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 47, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

48.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48 and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order and that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021."  As a result, no further response is required.

49.     NJRES admits that NJRES's gas trade entered into with Brazos on or about February 11, 2021 was for $16.685 per MMBtus.  NJRES responds that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021." As a result, no further response is required.

50.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 50, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

51.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 51 and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order and that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021."  As a result, no further response is required.

52.     NJRES admits that NJRES's gas trades entered into with Brazos on or about February 12, 2021 were for $149.66 per MMBtu.   NJRES responds that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021." As a result, no further response is required.

53.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 53 and leaves Brazos to its proofs thereon.  NJRES responds further that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order and that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021."  The final allegation of this paragraph constitutes a legal conclusion to which no response is required; to the extent a response is required, NJRES denies same.

54.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 54, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order and that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021."  As a result, no further response is required.

55.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 55, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order and that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021."  As a result, no further response is required.

56.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 56, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order and that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021."  As a result, no further response is required.

57.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 57, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

58.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 58, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES further that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

59.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 59 and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

60.     NJRES admits that NJRES's gas trade entered into with Brazos on or about February 16, 2021 was for $725.00 per MMBtu.  NJRES lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 60, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES further that Brazos's "price

gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

61.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61 and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

62.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 62, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

63.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 63 and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

64.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 64 and leaves Brazos to its proofs thereon.  NJRES responds that Brazos's "price gouging" allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

### The Contested Trades

65.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 65, which are not directed at NJRES, and leaves Brazos to its proofs thereon.

66.     NJRES admits that, from about February 11, 2021 to about February 19, 2021, Brazos entered into several gas trades with NJRES totaling $26,079,125, which trades are reflected on NJRES's proof of claim in the underlying bankruptcy case, *In re Brazos Electric Power Cooperative, Inc.*, No. 21-30725 (Bankr. S.D. Tex.) (DRJ).  NJRES lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 66, which are not directed at NJRES, and leaves Brazos to its proofs thereon.  NJRES responds that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021."  As a result, no further response is required.

67.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67, which are not directed at NJRES, and leaves Brazos to its proofs thereon.

### The Contested Trades Were Not Arm's Length Transactions

68.     NJRES admits that it had a pre-existing NAESB form of contract with Brazos that did not obligate Brazos to purchase any gas or obligate NJRES to sell any gas.  NJRES further admits that its NAESB contract with Brazos contained terms other than quantity and price.  NJRES lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 68 and leaves Brazos to its proofs thereon.

69.     The first, fourth, and fifth sentences of Paragraph 69 state legal conclusion to which no response is required.  To the extent a response is required as to those allegations, NJRES denies the allegations of Paragraph 69.  As to the allegation regarding Black's Law Dictionary definition of "arm's-length," the document speaks for itself.  NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the third sentence of Paragraph 69 and leaves Brazos to its proofs thereon.

70.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 70 and leaves Brazos to its proofs thereon.  The remaining allegations contained in Paragraph 70 constitute legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 70. NJRES responds that Brazos's unconscionability allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

71.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 71 and leaves Brazos to its proofs thereon.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 71. NJRES responds that Brazos's "exorbitant prices" and unconscionability allegations were dismissed by the Court's August 17 Order.  As a result, no further response is required.

**Brazos's Insolvency**

72.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 72 and leaves Brazos to its proofs thereon.  The balance of allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 72.

73.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 73 and leaves Brazos to its proofs thereon.  The balance of allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 73.

74.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 74 and leaves Brazos to its proofs thereon.  The balance of

allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 74.

### The Bankruptcy Case

75.     Upon information and belief, NJRES admits that Brazos filed a voluntary petition for relief under chapter 11 and the Bankruptcy Code and has continued as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The remaining allegations contained in Paragraph 75 are denied.

76.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 76, which are not directed at NJRES, and leaves Brazos to its proofs thereon.

77.     NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 77, which are not directed at NJRES, and leaves Brazos to its proofs thereon.

78.     NJRES admits the allegations set forth in Paragraph 78.

79.     NJRES admits the allegations set forth in Paragraph 79.

### CAUSES OF ACTION

### COUNT 1
**(Disallowance of Gas Claims Under 11 U.S.C. § 502(b)(1))**
**[DISMISSED, ECF No. 98]**

80.     NJRES repeats and incorporates its responses to the allegations of the above paragraphs as if fully set forth herein.  NJRES responds that this aspect of the Amended Complaint was dismissed by this Court's August 17 Order.  As a result, no answer to Paragraph 80 is required.

81.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 81 is required.

82.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 82 is required.

83.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 83 is required.

84.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 84 is required.

85.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 85 is required.

86.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 86 is required.

87.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 87 is required.

88.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 88 is required.

89.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 89 is required.

90.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 90 is required.

91.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 91 is required.

92.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 92 is required.

93.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 93 is required.

94.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 94 is required.

95.     NJRES responds that this aspect of the Amended Complaint was dismissed by the Court's August 17 Order.  As a result, no response to Paragraph 95 is required.

### COUNT 2
**(Avoidance of Constructively Fraudulent Obligations Under 11 U.S.C. § 548(a)(1)(B))**
**[DISMISSED IN PART, ECF No. 98]**

96.     NJRES repeats and incorporates its responses to the allegations of the above paragraphs as if fully set forth herein.

97.     The allegations contained in Paragraph 97 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 97.

98.     NJRES admits that Brazos's obligations to NJRES were incurred on the date each trade was made.

99.     The allegations contained in Paragraph 99 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 99.

100.    The allegations contained in Paragraph 100 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 100.  NJRES responds that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021."  As a result, no further response is required.

101.    NJRES admits that Brazos's obligations to NJRES were incurred on the date each trade was made.  The remaining allegations contained in Paragraph 101 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the remaining allegations of Paragraph 101.

102.    NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 102 and leaves Brazos to its proofs thereon.

103.    The allegations contained in Paragraph 103 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 103 and denies that Brazos is entitled to the relief requested in Paragraph 103.  NJRES responds that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021."  As a result, no further response is required.

## COUNT 3
**(Avoidance of Constructively Fraudulent Obligations Under 11 U.S.C. § 544(b) and TEX. BUS. & COM. CODE § 24.005)**
**[DISMISSED IN PART, ECF No. 98]**

104.    NJRES repeats and incorporates its responses to the allegations of the above paragraphs as if fully set forth herein.

105.    The allegations contained in Paragraph 105 contain legal conclusions to which no response is required.  To the extent a response is required, the referenced statute speaks for itself.

106.    The allegations contained in Paragraph 106 contain legal conclusions to which no response is required.  To the extent a response is required, the referenced statute speaks for itself.

107.    The allegations contained in this Paragraph 107 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 107 and leaves Brazos to its proofs thereon.

108.    The allegations contained in Paragraph 108 contain legal conclusions to which no response is required.  To the extent a response is required, the referenced statute speaks for itself.

109.    NJRES admits that Brazos's obligations to NJRES were incurred on the date each trade was made.

110.    The allegations contained in Paragraph 110 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 110.  NJRES responds that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021."  As a result, no further response is required.

111.    The allegations contained in Paragraph 111 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 111.

112.    The allegations contained in Paragraph 112 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 112 and leaves Brazos to its proofs thereon.

113.    The allegations contained in Paragraph 113 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 113 and denies that Brazos is entitled to the relief requested in Paragraph 113.  NJRES responds further that this Court's August 17 Order "dismissed with prejudice … any obligations that were incurred before February 15, 2021."  As a result, no further response is required.

## COUNT 4
### (Objection to Priority of Gas Claims Under 11 U.S.C. § 503(b)(9): Goods Were Not Sold In the Ordinary Course of the Debtor's Business)

114.     NJRES repeats and incorporates its responses to the allegations of the above paragraphs as if fully set forth herein.

115.     The allegations contained in Paragraph 115 contain legal conclusions to which no response is required.  To the extent a response is required, the statute speaks for itself.

116.      NJRES admits the allegations set forth in Paragraph 116.

117.     NJRES admits the allegations in Paragraph 117 as alleged against NJRES.  NJRES lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 117 and leaves Brazos to its proofs thereon.

118.     The allegations contained in Paragraph 118 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 118 as alleged against NJRES.  NJRES lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 118 and leaves Brazos to its proofs thereon.

119.     The allegations contained in Paragraph 119 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 119 and denies that Brazos is entitled to the relief requested in Paragraph 119.

## COUNT 5
**(Objection to Priority of Gas Claims Under 11 U.S.C. § 503(b)(9): The Gas Claims Exceed the Value of Goods Received)**

120.    NJRES repeats and incorporates its responses to the allegations of the above paragraphs as if fully set forth herein.

121.    The allegations contained in Paragraph 121 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 121 as alleged against NJRES.  NJRES lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 121 and leaves Brazos to its proofs thereon.

122.    The allegations contained in Paragraph 122 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 122 as alleged against NJRES.  NJRES lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 122 and leaves Brazos to its proofs thereon.

123.    The allegations contained in Paragraph 123 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 123 and denies that Brazos is entitled to the relief requested in Paragraph 123.

## RESERVATION OF RIGHTS AND RIGHT TO AMEND

124.    The allegations contained in Paragraph 124 contain legal conclusions to which no response is required.  To the extent a response is required, NJRES denies the allegations of Paragraph 124 and denies that Brazos is entitled to the relief requested in Paragraph 124.

125.    The allegations contained in Paragraph 125 contain legal conclusions to which no response is required.   To the extent a response is required, NJRES denies the allegations of Paragraph 125 and denies that Brazos is entitled to the relief requested in Paragraph 125.

126.    All other allegations not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof with respect to any matter for which Brazos bears such burden and without admitting any liability under the Amended Complaint, NJRES asserts the following  separate affirmative defenses to the claims set forth in the Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE

The allegations in the Amended Complaint fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

At all relevant times, NJRES complied with all applicable laws, regulations, and standards, including but not limited to the Base Contract for Sale and Purchase of Natural Gas by and between NJRES and Brazos.  (*See* Am. Compl. ¶ 68 ("pre-existing NAESB form contract with Brazos").)

### THIRD AFFIRMATIVE DEFENSE

NJRES did not breach or violate any alleged contractual or legal duty owed to Brazos.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, NJRES acted in good faith and for value.  *See* 11 U.S.C. § 548(c); *see also* TEX. BUS. & COM. CODE § 24.009.

### FIFTH AFFIRMATIVE DEFENSE

Brazos's claims are barred, in whole or in part, by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Brazos's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Brazos's claims are barred, in whole or in part, by the doctrine of ratification.

### EIGHTH AFFIRMATIVE DEFENSE

Brazos's claims are barred, in whole or in part, by the doctrine of waiver.

## NINETH AFFIRMATIVE DEFENSE

Brazos's claims are barred, in whole or in part, by the doctrine reliance.

## TENTH AFFIRMATIVE DEFENSE

The gas trades referred to in the Amended Complaint entered into between NJRES and Brazos were for debt incurred in the ordinary course Brazos's business pursuant to 11 U.S.C. § 503(b)(9).

## ELEVENTH AFFIRMATIVE DEFENSE

Brazos was not insolvent at the time the gas trades between NJRES and Brazos referred to in the Amended Complaint were made.

## TWELFTH AFFIRMATIVE DEFENSE

ACES, as the agent for Brazos, entered into the gas trades between NJRES and Brazos.

## THIRTEENTH AFFIRMATIVE DEFENSE

Brazos "must pay at the contract rate for any goods accepted." TEX. BUS. & COM. CODE § 2.607(a).

## FOURTEENTH AFFIRMATIVE DEFENSE

"The obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract." TEX. BUS. & COM. CODE § 2.301.

## FIFTEENTH AFFIRMATIVE DEFENSE

Brazos must pay at the contract rate for the gas accepted because the "value" of the goods received under 11 U.S.C. § 503(b)(9) is determined "by accepting delivery under a preexisting contract for purchase." TEX. BUS. & COM. CODE § 1.204.

## SIXTEENTH AFFIRMATIVE DEFENSE

Brazos knowingly entered into each of the gas trades with NJRES with full knowledge of established  normal course of dealings for the sale and purchase of natural gas which transactions were in the ordinary course of  businesses of both Brazos and NJRES.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The transactions by and between Brazos and NJRES were in accordance with established industry market standards for the sale and purchase of natural gas.

## ADDITIONAL AFFIRMATIVE DEFENSES

NJRES cannot fully anticipate all defenses that may be applicable to this action based upon the conclusory terms used in the Amended Complaint.  Accordingly, NJRES expressly reserves the right to assert additional defenses if, and to the extent that, such defenses become applicable.

**WHEREFORE**, NJRES respectfully requests that the Court enter judgment in its favor and against Brazos: (i) dismissing the Amended Complaint with prejudice thereby denying all objections interposed to the Administrative Proof of Claim filed by NJRES;  (ii) entry of an order finding that the NJRES claim is an "Allowed Claim" in the amount of $26,079,125 and accorded administrative priority claim pursuant to 11 U.S.C. § 503(b)(9);  (iii) awarding NJRES interest accrued from the Effective Date of the Debtor's Plan of Reorganization until the date payment is made on the Allowed Claim together with reasonable attorneys' fees, costs of suit and (iv) such other further and equitable relief as the Court may deem just and proper.

Dated:  September 16, 2022

**GIBBONS P.C.**

*/s/ Mark B. Conlan*
Robert K. Malone, Esq. (*admitted pro hac vice*)
Mark B. Conlan, Esq. (Bar No. NJ0270120)
One Gateway Center
Newark, NJ 07102
(973) 596-4500
rmalone@gibbonslaw.com
mconlan@gibbonslaw.com

*Attorneys for NJR Energy Services Company*

26

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 16, 2022, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which automatically sends notifications of such filings to all attorneys of record.

*/s/ Mark B. Conlan*
Mark B. Conlan
