**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER<br>COOPERATIVE, INC.,<br><br>        Debtor.[1] | Chapter 11<br><br>Case No. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER<br>COOPERATIVE, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>507 Capital LLC; 507 Summit LLC; Cetus<br>Capital VI, L.P.; Chase Lincoln First<br>Commercial Corporation; Citigroup Financial<br>Products Inc.; CrossingBridge Low Duration<br>High Yield Fund; Destinations Global Fixed<br>Income Opportunities Fund; Destinations Low<br>Duration Fixed Income Fund; Koch Energy<br>Services LLC; Leaffilter North Holdings, Inc.;<br>NJR Energy Services Co.; OFM II, LP; OU 2<br>LLC; RiverPark Short Term High Yield;<br>RiverPark Strategic Income Fund; Total Gas<br>& Power North America, Inc.; and Two Seas<br>Global (Master) Fund LP,<br><br>        Defendants. | Adv. Proc. No. 21-04407 (DRJ) |

**DEBTOR'S OPPOSITION TO ETC MARKETING LTD.'S
MOTION FOR JUDGMENT ON THE PLEADINGS
AS TO COUNTS 2 AND 3 OF THE FIRST AMENDED COMPLAINT**

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of its federal tax identification number is Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

Brazos Electric Power Cooperative, Inc. ("Brazos" or the "Debtor") hereby opposes *ETC Marketing, Ltd.'s Motion for Judgment on the Pleadings as to Counts 2 and 3 of the First Amended Complaint* (the "Motion") [Adv. Dkt. No. 103],[2] which is the third Rule 12 motion filed by ETC Marketing, Ltd. ("ETC").

# I.
## PRELIMINARY STATEMENT

1.      In Proof of Claim No. 385, which is attached hereto as **Exhibit A**, Citigroup Financial Products, Inc. ("Citigroup") seeks (as the transferee of ETC) $15,472,239.00 for a March 17, 2021 invoice for natural gas that was delivered to Brazos between February 1, 2021 and February 16, 2021.  $5,250,000.00 of the amount sought is for gas delivered to Brazos on or after the date that Brazos became insolvent (February 15, 2021) but pursuant to contracts executed on February 12, 2021.

2.      On August 17, 2022, the Court entered an order [Adv. Dkt. No. 98] (the "Order") that, among other things, granted in part and denied in part motions to dismiss filed by ETC and others with respect to Counts 2 and 3 of Debtor's *First Amended Complaint Objecting to Proofs of Claim Related to Certain Natural Gas Sales to the Debtor* [Adv. Dkt. No. 77] (the "Amended Complaint").  Those counts state objections to claims brought by ETC and others under both 11 U.S.C. § 548 and the Texas Uniform Fraudulent Transfer Act, TEX. BUS. & COM. CODE § 24.005, as incorporated by 11 U.S.C. § 544(b), because their claims seek to enforce constructively fraudulent obligations.  In the Order, the Court ruled that Counts 2 and 3 of the Amended Complaint were dismissed "as to any obligations that were incurred before February 15, 2021"

---

[2] All references to "Dkt. No." refer to the docket in the main chapter 11 case, captioned In re: Brazos Electric Power Cooperative, Inc. (Case No. 21-30725), pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division and references to "Adv. Dkt. No." refer to the docket in this Adversary Proceeding, captioned Brazos Electric Power Cooperative, Inc. v. 507 Capital LLC, et al. (Adv. Proc. No. 21-04407).

(the date on which Debtor alleges it became insolvent) and denied dismissal "as to any obligations that were incurred on or after February 15, 2021." Order ¶ 1.b, ¶ 1.c.

3.      ETC now "requests that the Court enter an order finding that [debts arising from gas delivered on February 15, 2021 and February 16, 2021] were incurred prior to February 15, 2021." Mot. at ¶ 3.  ETC wants the Court to rule that the relevant debts were incurred when the underlying agreements were executed, not when the gas was delivered.  Such a ruling would be contrary to relevant case law, however, which is clear that a debt for a sale of goods is incurred when the goods are delivered.  *See, e.g., In re Emerald Oil Co.,* 695 F.2d 833, 837 (5th Cir. 1983) (debt is incurred when performance under the contract has occurred); *In re Gold Coast Seed Co.,* 751 F.2d 1118, 1119 (9th Cir. 1985) ("the debt was incurred upon shipment, when the debtor became obligated to pay for them, and not when the debtor executed a contract agreement to purchase the goods in the future"); *In re Brints Cotton Mktg., Inc.,* 68 B.R. 354, 357 (Bankr. N.D. Tex. 1986) ("The Court concluded that the debt arose when the seed was delivered; precisely the same conclusion reached by this Court in this case.").  Here, when the relevant gas was delivered it is undisputed, so application of the relevant law to the facts pled is straightforward.  *See* Am. Compl. ¶¶ 41, 51, 52, and Ex. B; *see also* Proof of Claim No. 385 at Annex B.

4.      ETC seeks to avoid the clear import of the foregoing case law by asserting that it would "contravene[] Brazos's Amended Complaint" for Brazos to assert that the delivery date is the relevant date because the Amended Complaint states that the debts were incurred "on the date the trade was made."  Mot. ¶¶ 3 & 8.  ETC seeks to equate the execution date of the relevant contracts with the "trade" date referenced in the Amended Complaint.  Yet, the Amended Complaint does not equate these two.  In fact, it differentiates between them, stating that "[d]uring the Contested Period, the twenty (20) trades at issue were separate and individual *contracts entered*

3

into at or near the dates of the trades . . . ." Am. Compl. ¶ 69 (emphasis added).  The Amended Complaint uses "trade" as a generic term for the transactions, but it also specifies both the execution date and the delivery date for each transaction, thereby pleading a factual basis for the legal conclusion that debts arising from certain of the ETC transactions were incurred on or after February 15, 2021.  Am. Compl. ¶ Ex. B.

5.       When a debt is incurred is a legal issue:  "So long as a pleading alleges facts upon which relief can be granted, it states a claim." *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013)) (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 604 (5th Cir. 1981)).  The facts pled in the Amended Complaint are what matter, and the delivery date for each ETC transaction is specified in both Exhibit B to the Complaint and in Annex B to Proof of Claim No. 385.

6.       After arguing in its first two motions to dismiss that legal "conclusions . . . must be ignored when evaluating the adequacy of a pleading,"[3] ETC now seeks to elevate its preferred interpretation of a legal conclusion in the Complaint to a binding factual admission.  The case law is clear, however, that "judicial admissions generally concern issues of fact and are inapplicable to questions of law." *In re TK Boat Rentals, LLC*, 411 F. Supp. 3d 351, 368 (E.D. La. 2019) (citing *Blankenship v. Buenger*, 653 F. App'x 330, 335 & n.15 (5th Cir. 2016).  Moreover, Rule 8 explicitly allows inconsistent pleading.  Fed. R. Civ. Pro. 8 ("If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").  ETC cannot just ignore that both its proof of claim and the Amended Complaint support a finding that the relevant debts

---

[3] Defendant ETC Marketing, Ltd.'s Motion To Dismiss Adversary Complaint of Brazos Electric Power Cooperative, Inc. [Adv. Dkt. No. 35] at ¶ 10 (the "First Motion to Dismiss"); Defendant ETC Marketing, Ltd.'s Motion To Dismiss First Amended Complaint of Brazos Electric Power Cooperative, Inc. [Adv. Dkt. No. 80] at ¶ 8 (the "Second Motion to Dismiss").

were incurred on February 15, 2021 or later by alleging the delivery dates for those transactions. Therefore, the Motion should be denied.

**II.**
**FACTUAL AND PROCEDURAL BACKGROUND**

7.      On June 14, 2021, Citigroup filed Proof of Claim No. 385, which includes in its Annex B a summary of the invoices for which payment is sought.  This summary lists the invoice date and the time (*i.e.*, delivery date) of each transaction. *See* Ex. A.

8.      On October 14, 2021, the Debtor filed the *Emergency Motion for an Order (A) Authorizing Omnibus Claims Objections for Natural Gas Claims, and (B) Granting Related Relief* [Dkt. No. 1220], which sought to file an objection to Citigroup's claim consolidated with objections to other gas claims.

9.      On October 28, 2021, the Court entered the *Agreed Order (A) Authorizing Omnibus Claims Objection for Natural Gas Claims, and (b) Granting Related Relief* [Dkt. No. 1260], authorizing the Debtor to file its original complaint asserting an omnibus objection to various gas claims.

10.      On November 22, 2021, the Debtor filed its original complaint [Adv. Dkt. No. 1].

11.      On December 20, 2021 ETC, Debtor, and Citigroup filed a stipulation and agreed order [Adv. Dkt. No. 27] for ETC to intervene for purposes of defending Debtor's objections to the Citigroup claim.

12.      On January 7, 2022, ETC and others filed motions to dismiss the original complaint [Adv. Dkt. No. 35].  ETC's First Motion to Dismiss did not address the issue raised in the current Motion regarding when debts were incurred.

13.      After a hearing on May 11, 2022 regarding the motions to dismiss, the Court ordered that the Debtor re-plead its original complaint and provided guidance to the Debtor

5

regarding what the Court believed was needed to address arguments raised in the those motions. The issue raised in the current Motion regarding when debts were incurred was not raised at the hearing by ETC or any of the other gas claimants.

14.     Debtor filed the Amended Complaint on June 1, 2022. The details regarding each relevant transaction with ETC, including the flow date, the execution date, the trade number, the relevant price, and the volume of gas are all listed in Exhibit B to the Amended Complaint. *See also* Am. Compl. ¶¶ 51-54.

15.     ETC filed its Second Motion to Dismiss on June 27, 2022.  Again, it did not raise the issue regarding when debts were incurred.

16.     After a hearing on August 3, 2022 (in which the issue regarding when debts were incurred was not mentioned), the Court entered the Order, ruling that Counts 2 and 3 of the Amended Complaint were dismissed "as to any obligations that were incurred before February 15, 2021" (the date on which Debtor alleges it became insolvent) and denied "as to any obligations that were incurred on or after February 15, 2021."  Order ¶ 1.b, ¶ 1.c.

17.     Before the Court now is ETC's third Rule 12 motion.

### III.
### APPLICABLE LEGAL STANDARDS

18.     "A motion brought pursuant to Federal Rule of Civil Procedure 12(c) should be granted if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law." *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 683 (S.D. Tex.), *aff'd*, 582 F. App'x 279 (5th Cir. 2014) (*citing Greenberg v. General Mills Fun Group, Inc.,* 478 F.2d 254, 256 (5th Cir. 1973)).  "A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim." *Id. (citing In re Great Lakes Dredge & Dock Co. LLC,* 624 F.3d 201, 209 (5th Cir. 2010); *Guidry v. American*

*Public Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007); *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).

## IV.
## ARGUMENT

19.     The facts pled in the Amended Complaint are sufficient to show that the relevant debts were incurred on or after February 15, 2021, and therefore, the Motion should be denied.

**A.     A debt arising from a sale of goods is incurred when the goods are delivered.**

20.     For purposes of the Motion, the gravamen of the dispute between Debtor and ETC is whether debts related to ETC's sales of natural gas to Debtor were "incurred" on the execution dates of the agreements or the delivery dates for those trades.  ETC offers no case law supporting its contention that the execution date is the pertinent date because there does not appear to be any.

21.     While the Bankruptcy Code does not address when a debt is "incurred," cases addressing that issue have consistently held that "debts are incurred when goods are delivered or services are performed."  *See, e.g., In re Emerald Oil Co.,* 695 F.2d 833, 837 (5th Cir. 1983) (debt is incurred when performance under the contract has occurred);  *In re First Jersey Sec., Inc.*, 180 F.3d 504, 511 (3d Cir. 1999) (citing *In re Futoran,* 76 F.3d 265, 267 (9th Cir. 1996)); *In re Cybermech, Inc.,* 13 F.3d 818, 821 (4th Cir. 1994);  *In re Gold Coast Seed Co.*, 751 F.2d 1118, 1119 (9th Cir. 1985) ("the debt was incurred upon shipment, when the debtor became obligated to pay for them, and not when the debtor executed a contract agreement to purchase the goods in the future"); *Barash v. Public Finance Corp.,* 658 F.2d 504, 511 (7th Cir. 1981) ("a debt is incurred when it becomes a legally binding obligation of the debtor");  *In re Brints Cotton Mktg., Inc.*, 68 B.R. 354, 357 (Bankr. N.D. Tex. 1986) ("The Court concluded that the debt arose when the seed was delivered; precisely the same conclusion reached by this Court in this case.").  While these cases all involve 11 U.S.C. § 547(c)(2), as opposed to § 548, the logic is identical.

22.     The Bankruptcy Code defines a "debt" as a "liability on a claim." 11 U.S.C. § 101(12). A "claim" is a "right to payment . . . ." 11 U.S.C. § 101(5)(A).  Accordingly, a debt is incurred when a debtor becomes legally bound to pay.  Delivery and acceptance of goods are conditions precedent to payment under the Uniform Commercial Code, so a rule holding that an obligation for a sale of goods is not incurred until delivery of those goods makes sense.  Similarly, 11 U.S.C § 503(b)(9) uses the receipt of goods by the debtor as the operative date for purposes of determining priority.

23.     There does not appear to be any authority for the proposition ETC asserts, namely, that the execution date is the relevant date for purposes of determining when a debt is incurred.

**B.      Both the Amended Complaint and the relevant proof of claim plead the delivery dates for the relevant gas transactions.**

24.     "So long as a pleading alleges facts upon which relief can be granted, it states a claim . . . ." *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013) (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 604 (5th Cir. 1981)).  It is uncontested that both the relevant proof of claim and Exhibit B to the Amended Complaint detail the delivery dates for the different transactions between ETC and Brazos.  This is all that is required to plead that the debts arising from deliveries of natural gas to Brazos on or after February 15, 2021 were incurred on their respective delivery dates.  "[A] complaint need not include magic words . . . [a]nd more specifically, the federal pleading rules do not require a plaintiff to expressly invoke a cause of action to state a plausible claim for relief."  *Young Conservatives of Texas Found. v. Univ. of N. Texas*, 569 F. Supp. 3d 484, 493 (E.D. Tex. 2021) (interal quotations omitted) (citing *Johnson v. City of Shelby*, 574 U.S. 10, 11–12, 135 S.Ct. 346, 190 L.Ed.2d 309 (2014) (per curiam); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000)).

**C.      Statements in the Amended Complaint that obligations were incurred "on the date each trade was made" are not judicial admissions that the execution date is the appropriate date for determining when a debt was incurred.**

25.      ETC presumes that statements in the Amended Complaint regarding the date on which "trades were made" refer to the execution dates for the agreements underlying those trades and not the date of delivery.  For example, the Motion moves from a statement that "the pleadings establish that Brazos's Obligation to ETC were [sic] incurred on the date each trade was made," (Mot. ¶ 9) to a conclusion that "the entirety of Counts 2 and 3, as alleged against ETC, were previously dismissed with prejudice and may not be pursued" because the trades "between ETC and Brazos were each executed on or before **February 13, 2022** [sic]." (Mot. ¶ 11).  This presumption that the "trade" date is the "execution" date is belied by the Amended Complaint itself, which states that that "[d]uring the Contested Period, the twenty (20) trades at issue were separate and individual *contracts entered into at or near the dates of the trades . . .*"  Am. Compl. ¶ 69 (emphasis added).   "Trade date" does not equate to "execution date" in the Amended Complaint.

26.      More importantly, even if the Amended Complaint could be read to allege that the execution date was the legally relevant date, legal conclusions are not factual admissions.  Fifth Circuit law is clear:

> [A] statement of legal opinion . . . is not a judicial admission." *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 682 (7th Cir. 2002); *see also Anderson v. Comm'r of Internal Revenue*, 698 F.3d 160, 167 (3d Cir. 2012); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 394 (6th Cir. 2007); *N.Y. State Nat'l Org. for Women v. Terry*, 159 F.3d 86, 97 n.7 (2d Cir. 1998). "[A]nd legal conclusions may not be used as evidentiary admissions." *W.V. Realty, Inc. v. N. Ins. Co. of N.Y.*, 334 F.3d 306, 316 (3d Cir. 2003); *see also Incase Inc. v. Timex Corp.*, 488 F.3d 46, 56 (1st Cir. 2007).

*Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 299 (5th Cir. 2019), *as revised* (Aug. 23, 2019); *see also Blankenship v. Buenger*, 653 F. App'x 330, 335 & n.15 (5th Cir. 2016).

27.     ETC may not use its interpretation of a legal conclusion in the Amended Complaint to obtain a judgment on the pleadings on a factual issue.  Rule 8 of the Federal Rules of Civil Procedure specifically allows for inconsistent pleading.  It states that a "party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."  Fed. R. Civ. P. 8(d), as made applicable herein by Fed. R. Bankr. P. 7008.

28.     Moreover, Rule 8 also states that "[p]leadings must be construed so as to do justice."  Fed. R. Civ. P. 8(e).  The facts pled in the Complaint are clear as to when ETC delivered gas to the Debtor.  The law is also clear that the delivery dates are the operative dates for determining when a debt is "incurred."  Nothing more is required.  There is no basis here for judgment on the pleadings, and the Motion should be dismissed.

**V.**
**RESERVATION OF RIGHTS AND RIGHT TO AMEND**

29.     Although the Debtor believes, as discussed above, that it has sufficiently pled all of its claims against ETC, if this Court believes that there are any defects in the Amended Complaint, the Debtor alternatively seeks leave to amend the Amended Complaint under Federal Rule of Bankruptcy Procedure 7015 to cure any such defects.

# VI.
## PRAYER

For the foregoing reasons, the Debtor respectfully requests that this Court enter an order

denying the Motion and granting the Debtor such other and further relief as may be just and proper.

Dated: October 7, 2022                                    Respectfully submitted,

**FOLEY & LARDNER, LLP**

*/s/ Ronald S. Oran*
Ronald L. Oran, Jr.
State Bar No. 24072268
Email: *roran@foley.com*
Drake Lawsage
State Bar No. 24102070
Email: *dlawsage@foley.com*
Jennifer N. Huckleberry
State Bar No. 24118414
Email: *jhuckleberry@foley.com*
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Telephone: 713.276.5500

-and-

Holland N. O'Neil
State Bar No. 14864700
Email: *honeil@foley.com*
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: 214.999.4961

-and-

Timothy C. Mohan *(admitted pro hac vice)*
State Bar No. 50559
Email: *tmohan@foley.com*
1400 16th Street, Suite 200
Denver, CO 80202
Telephone: 720.437.2000

**SPECIAL COUNSEL AND CONFLICTS
COUNSEL TO THE DEBTOR**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on October 7, 2022, a true and correct copy of the foregoing filing was served via CM/ECF to all parties authorized to receive electronic notice in this case.

*/s/ Ronald S. Oran*
Ronald S. Oran

# **<u>Exhibit A</u>**

**Fill in this information to identify the case:**

| Debtor: | Case Number: |
|---|---|
| Brazos Electric Power Cooperative, Inc. | 21-30725 |

**United States Bankruptcy Court for the Southern District of Texas**

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

## Part 1:  Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Citigroup Financial Products Inc. |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ☐ No    ETC Marketing, Ltd. <br> ☒ Yes. From whom? |
| **3. Where should notices and payments to the creditor be sent?** <br> Federal Rule of *Bankruptcy Procedure* (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Timothy A. ("Tad") Davidson II <br><br> Name <br> Hunton Andrews Kurth LLP <br> 600 Travis Street, Suite 4200 <br><br> Street Address <br> Houston, TX 77002 <br> City   State   ZIP Code <br> Contact phone 713-220-3810 <br> Contact email taddavidson@huntonak.com | **Where should payments to the creditor be sent?** (if different) <br><br> Name <br> Citigroup Financial Products Inc. <br> One Penns Way <br> OPS 2/2nd FL – Global Loans <br><br> Street Address <br> New Castle, DE 19720 <br> City   State   ZIP Code <br> Contact phone <br> Contact email |
| **4. Does this claim amend one already filed?** | ☒ No <br> ☐ Yes.  Claim number on court claims registry (if known)_____   Filed on ___/___/_____ <br> MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No <br> ☐ Yes.  Who made the earlier filing? |



1155606142130000000223

**Proof of Claim**

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$ ___15,472,239.00___ . **Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Non-tort claimants should attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Tort claimants should attach a signed statement setting forth a basis for the claim and nature of the injury.

Limit disclosing information that is entitled to privacy, such as health care information.

See Attached Summary.  Sale of natural gas pursuant to NAESB Base Contract.

**If you are asserting a claim based on a tort, select one or more of the below options:**

☐ Property Damage (homes, structures, personal property, and all other property damage)
  ☐ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____
☐ Personal Injury
☐ Other (Please specify): _____

**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____

**Amount of the claim that is secured:**  $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

| 11. | **Is this claim subject to a right of setoff?** | ☒ No |
| | | ☐ Yes. Identify the property: _____ |

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
| | | ☒ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | A claim may be partly priority and partly *nonpriority. For example,* in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____0_____ |
| | | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____0_____ |
| | | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____0_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____0_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____0_____ |
| | | ☒ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ 15,088,289.00 |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim *electronically*, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

- [X] I am the creditor.
- [ ] I am the creditor's attorney or authorized agent.
- [ ] I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- [ ] I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   6/14/2021
                   MM / DD / YYYY

*DocuSigned by:*

David Anthony Quinn

7692842E0A13415...

Signature

**Print the name of the person who is completing and signing this claim:**

Name    David Anthony Quinn

First name          Middle name          Last name

Title

Company    Citigroup Financial Products Inc.

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    One Penns Way, OPS 2/2nd FL - Global Loans

Number          Street

New Castle, DE 19720

City                    State      ZIP Code

Contact phone    302-894-6066              Email    glcorporateaction@citigroup.c

I have supporting documents to upload



DocuSign Envelope ID: D95C3D73-6C62-4CD9-868F-D2EEDA3392E5

| Fill in this information to identify the case: | |
|---|---|
| Debtor:<br>Brazos Electric Power Cooperative, Inc. | Case Number:<br>21-30725 |
| United States Bankruptcy Court for the Southern District of Texas | |

# Proof of Claim

**04/19**

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | **Citigroup Financial Products Inc.**<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☐ No<br>☑ Yes. From whom?  **ETC Marketing, Ltd.** |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**      **Where should payments to the creditor be sent? (if different)** |

Where should notices to the creditor be sent?

Timothy A. ("Tad") Davidson II
_____
Name

Hunton Andrews Kurth LLP
600 Travis Street, Suite 4200
_____
Street Address

| Houston | TX | 77002 |
|---|---|---|
| City | State | ZIP Code |

Contact phone  713-220-3810

Contact email  taddavidson@huntonak.com

Where should payments to the creditor be sent? (if different)

_____
Name

Citigroup Financial Products Inc.
One Penns Way
OPS 2/2nd FL- Global Loans
_____
Street Address

| New Castle | DE | 19720 |
|---|---|---|
| City | State | ZIP Code |

Contact phone  _____

Contact email  _____

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____<br>                                                        MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |

7. **How much is the claim?**   $ 15,472,239.00 _____   **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Non-tort claimants should attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Tort claimants should attach a signed statement setting forth a basis for the claim and nature of the injury.

Limit disclosing information that is entitled to privacy, such as health care information.

See Attached Summary. Sale of natural gas pursuant to NAESB Base Contract.

**If you are asserting a claim based on a tort, select one or more of the below options:**

☐ Property Damage (homes, structures, personal property, and all other property damage)

   ☐ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____

☐ Personal Injury

☐ Other (Please specify): _____

9. **Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.   Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br><br>☐ Yes. Identify the property: _____ |

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly *nonpriority. For example,* in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check all that apply:*

    **Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
$ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).
$ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).
$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).
$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).
$ _____

☑ Other. Specify subsection of 11 U.S.C. § 507(a)( _2_ ) that applies. **Section 503(b)(9)**
$ 15,088,289.00

    * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim *electronically, FRBP 5005(a)* (2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   6/14/2021
                   MM / DD / YYYY

DocuSigned by:

BD0CFB4C119F462...

Signature

**Print the name of the person who is completing and signing this claim:**

Name         DAVID ANTHONY QUINN
             First name         Middle name         Last name

Title

Company      Citigroup Financial Products Inc.
             Identify the corporate servicer as the company if the authorized agent is a servicer.

Address      One Penns Way, OPS 2/2nd FL - Global Loans
             Number         Street

             New Castle                    DE         19720
             City                          State      ZIP Code

Contact phone   302-894-6066                   Email   glcorporateaction@citigroup.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | |
| | § | **Case No. 21-30725 (DRJ)** |
| **BRAZOS ELECTRIC POWER** | § | |
| **COOPERATIVE, INC.,** | § | **Chapter 11** |
| | § | |
| **Debtor.**[1] | § | |
| | § | |

**SUMMARY ATTACHMENT TO PROOF OF CLAIM OF
CITIGROUP FINANCIAL PRODUCTS INC.**

Citigroup Financial Products Inc. ("Citigroup"), as the transferee of the prepetition claim of ETC Marketing, Ltd. ("ETC"), submits this summary attachment to the proof of claim (the "Claim") against Brazos Electric Power Cooperative, Inc. (the "Debtor"). This summary attachment, along with **Annex A** and **Annex B** hereto, is incorporated into the proof of claim form to which it is attached. As set forth more fully below, Citigroup asserts a claim against the Debtor in the aggregate amount of at least $15,472,239.00, of which $15,088,289.00 is entitled to priority as a section 503(b)(9) administrative expense claim.

**Background Between ETC and the Debtor**

1.      On March 1, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

1

2.      Before the Petition Date, ETC and the Debtor entered into that certain NAESB Base Contract for Sale and Purchase of Natural Gas, effective October 1, 2005 (the "<u>Agreement</u>") pursuant to which ETC sold and delivered natural gas to the Debtor.

3.      On March 31, 2021 and May 20, 2021, the Debtor filed its Schedules of Assets and Liabilities ("<u>Schedules</u>") and Amended Schedules [Docket Nos. 353 and 648, respectively] scheduling ETC Marketing, Ltd. with a non-priority, unsecured, disputed claim in the amount of $15,372,239.00 (identified as Scheduled Claim No. 2296779 on the Claims Register maintained by the Debtor's claims agent, Stretto).  The Debtor also scheduled the Agreement on Schedule G.

### The Claim Transferred to Citigroup and the Claim Amount

4.      On May 27, 2021, ETC (as transferor) and Citigroup (as transferee) entered into the Transfer of Claims Agreement under which ETC transferred and assigned to Citigroup its prepetition claims against the Debtor.  A copy of the Evidence of Transfer of Claim executed by ETC and Citigroup is attached as **<u>Annex A</u>** hereto.

5.      ETC has not filed a proof of claim for the Claim.  Pursuant to Rule 3001(e)(1) of the Federal Rules of Bankruptcy Procedure, Citigroup files this Claim as the transferee of the Claim.

6.      The Claim against the Debtor is in the aggregate amount of at least **$15,472,239.00** comprised of:

(i) $383,950.00 of general unsecured claims (the "<u>General Unsecured Claim Amount</u>") and

(ii) $15,088,289.00 of section 503(b)(9) claims entitled to priority under section 507(a)(2) of the Bankruptcy Code (the "<u>503(b)(9) Claim Amount</u>," and together with the General Unsecured Claim Amount, the "<u>Claim Amount</u>").

7.     The Claim Amount does not include interest which continues to accrue post-petition.   Citigroup makes a claim for and is seeking post-petition interest on the 503(b)(9) Claim Amount and interest on the General Unsecured Claim Amount.

8.     The Claim Amount asserted by Citigroup is supported by ETC's invoices to the Debtor for natural gas sold prepetition, including volumes of natural gas sold within 20 days of the Petition Date.  A summary of the invoices and the Claim Amount is attached hereto as **Annex B**.

9.     The invoices, the Agreement, and certain other documents supporting the Claim and Claim Amount are voluminous, contain proprietary business information, and/or may be subject to certain confidentiality requirements and, therefore, are not attached hereto.   On information and belief, copies of the Agreement, the invoices, and relevant documents are in the possession of the Debtor.  Copies of the foregoing will be provided upon request and in compliance with any confidentiality orders, agreements, or provisions required by Citigroup.

## **Reservation of Rights**

10.     Citigroup reserves its rights to (a) amend or supplement this Claim against the Debtor for any reason or cause of action whatsoever, including to assert interest on any or all of the Claim Amount, (b) submit additional supporting documents as necessary and appropriate, (c) assert that some or all of the Claim amount or a different portion of the Claim Amount is entitled to administrative expense priority or assert an administrative expense claim, (d) assert that cure amounts are due under the Agreement on a post-petition basis and that such cure amounts have administrative priority, and (e) assert it is entitled to a secured claim for setoff and rights of recoupment.  Citigroup further reserves all its rights, remedies, claims, or defenses under the Agreement as transferred to it pursuant to the Transfer of Claims Agreement.

11.     Filing of this Claim is not (a) a waiver or release of Citigroup's rights, claims or defenses against any person, entity, or property, (b) a waiver or release of Citigroup's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge, (c) consent by Citigroup to jurisdiction of this Court for any purpose other than with respect to this Claim, (d) an election of remedy, (e) a waiver or release of any rights which Citigroup may have to a jury trial, or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in this case against or otherwise involving Citigroup including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

## **Notice**

12.     All notices, pleadings, and correspondence related to this Claim should be sent to counsel for Citigroup as follows:

> Timothy A. ("Tad") Davidson II
> Ashley L. Harper
> **HUNTON ANDREWS KURTH LLP**
> 600 Travis Street, Suite 4200
> Houston, TX 77002
> Tel:  713-220-4200
> Email: taddavidson@huntonak.com
>        ashleyharper@huntonak.com

**<u>ANNEX A</u>**


**EVIDENCE OF TRANSFER OF CLAIM**

EVIDENCE OF TRANSFER OF CLAIM

TO:          United States Bankruptcy Court
             Southern District of Texas
             Attn: Clerk

AND TO:      Brazos Electric Power Cooperative, Inc. ("Debtor")
             Case No. 21-30725 ("Case")

ETC MARKETING, LTD. ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and pursuant to the terms of a Transfer of Claim Agreement dated as of the date hereof, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned to:

CITIGROUP FINANCIAL PRODUCTS INC.
One Penns Way
OPS 2/2nd FL – Global Loans
New Castle, DE 19720

its successors and assigns ("Buyer"), all right, title and interest in and to the claims of Seller against the Debtor, docketed as Schedule No. 2296779 (the "Claim") in the United States Bankruptcy Court for the Southern District of Texas.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the U.S. Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges, understands and agrees, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

Buyer does not assume and shall not be responsible for any obligations or liabilities of Seller related to or in connection with the Claim or the Bankruptcy Case.  You are hereby directed to make all future payments and distributions free and clear of all setoffs and deductions, and to give all notices and other communications, in respect of the Claim to Buyer.

[Signature Page Follows]

IN WITNESS WHEREOF, Seller and Buyer have executed this Evidence of Transfer of Claim as of May 27, 2021.

**ETC MARKETING, LTD.**
By: LGM, LLC, its general partner


By: _____
Name: Thomas E. Long
Title: Chief Financial Officer


**CITIGROUP FINANCIAL PRODUCTS INC.**


By: _____
Name:
Title:

IN WITNESS WHEREOF, Seller and Buyer have executed this Evidence of Transfer of Claim as of May 27, 2021.

**ETC MARKETING, LTD.**
By: LGM, LLC, its general partner


By:_____
Name: Thomas E. Long
Title: Chief Financial Officer


**CITIGROUP FINANCIAL PRODUCTS INC.**

By:_____
Name:
Title:    DAVID QUINN – AUTHORIZED SIGNATORY

## Annex B
### Summary of Invoices and Claim Amount

| Invoice | Invoice date | Beg time | End time | Description | Gross value | Pipeline contract | Product |
|---------|-------------|----------|----------|-------------|-------------|-------------------|---------|
| 102202 | 3/17/2021 | 2/1/2021 | 2/2/2021 | WORSHAM-STEED TOLAR HUB | 25,850.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/1/2021 | 2/2/2021 | WORSHAM-STEED TOLAR HUB | 51,700.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/2/2021 | 2/3/2021 | WORSHAM-STEED TOLAR HUB | 27,200.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/2/2021 | 2/3/2021 | WORSHAM-STEED TOLAR HUB | 54,400.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/4/2021 | 2/5/2021 | WORSHAM-STEED TOLAR HUB | 70,500.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/5/2021 | 2/6/2021 | WORSHAM-STEED TOLAR HUB | 14,200.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/5/2021 | 2/6/2021 | WORSHAM-STEED TOLAR HUB | 42,600.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/6/2021 | 2/7/2021 | WORSHAM-STEED TOLAR HUB | 32,500.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/7/2021 | 2/8/2021 | WORSHAM-STEED TOLAR HUB | 32,500.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/8/2021 | 2/9/2021 | WORSHAM-STEED TOLAR HUB | 32,500.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/9/2021 | 2/10/2021 | WORSHAM-STEED TOLAR HUB | 25,840.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/9/2021 | 2/10/2021 | WORSHAM-STEED TOLAR HUB | 38,760.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/10/2021 | 2/11/2021 | WORSHAM-STEED TOLAR HUB | 25,920.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/10/2021 | 2/11/2021 | WORSHAM-STEED TOLAR HUB | 32,400.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/10/2021 | 2/11/2021 | WORSHAM-STEED TOLAR HUB | 38,880.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/11/2021 | 2/12/2021 | WORSHAM-STEED TOLAR HUB | 16,275.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/11/2021 | 2/12/2021 | WORSHAM-STEED TOLAR HUB | 36,225.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/11/2021 | 2/12/2021 | WORSHAM-STEED TOLAR HUB | 33,989.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/12/2021 | 2/13/2021 | WORSHAM-STEED TOLAR HUB | 140,000.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/12/2021 | 2/13/2021 | WORSHAM-STEED TOLAR HUB | 210,000.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/13/2021 | 2/14/2021 | WORSHAM-STEED TOLAR HUB | 1,750,000.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/14/2021 | 2/15/2021 | WORSHAM-STEED TOLAR HUB | 1,750,000.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/15/2021 | 2/16/2021 | WORSHAM-STEED TOLAR HUB | 1,750,000.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/16/2021 | 2/17/2021 | WORSHAM-STEED TOLAR HUB | 700,000.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/13/2021 | 2/14/2021 | WORSHAM-STEED TOLAR HUB | 2,000,000.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/14/2021 | 2/15/2021 | WORSHAM-STEED TOLAR HUB | 2,000,000.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/15/2021 | 2/16/2021 | WORSHAM-STEED TOLAR HUB | 2,000,000.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/16/2021 | 2/17/2021 | WORSHAM-STEED TOLAR HUB | 800,000.00 | WS-ETC-ISS01 | NG |
| 102202 | 3/17/2021 | 2/13/2021 | 2/14/2021 | WORSHAM-STEED TOLAR HUB | 1,740,000.00 | WS-ETC-ISS01 | NG |
| | | | | | **15,472,239.00** | | |

| | |
|---|---|
| General Unsecured Claim Amount | 383,950.00 |
| Section 503(b)(9) Claim Amount* | 15,088,289.00 |
| Total Claim Amount | **15,472,239.00** |

*corresponds to invoice amounts
shaded gray above