IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC., | Chapter 11 |
| | Case No. 21-30725 (DRJ) |
| Debtor.[1] | |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC., | Adv. Proc. No. 21-04407 (DRJ) |
| Plaintiff, | Related to ECF. No. 77 |
| v. | |
| 507 CAPITAL, LLC, *et al.*, | |
| Defendants. | |

### NJR ENERGY SERVICES COMPANY'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AS TO COUNTS 2 AND 3 OF THE FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant NJR Energy Services Company ("**NJRES**") files this *Motion* ("**Motion**") *for Judgment on the Pleadings* pursuant to FED. R. CIV. P. 12(c)[2] requesting partial dismissal with prejudice of Counts 2 and 3 of the *First Amended Complaint Objecting to Proofs of Claim Related to Certain Natural Gas Claims* (ECF. No. 77, the "**Amended Complaint**")[3] filed by Brazos Electric Power Cooperative, Inc. ("**Brazos**" or the "**Debtor**").

---

[1] Debtor in this Chapter 11 case, along with the last four digits of its federal tax identification number is Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

[2] As incorporated by FED. R. BANKR. P. 7012.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed in the Amended Complaint.

1

# I. PRELIMINARY STATEMENT

1.     On August 17, 2022, this Court entered an Order resolving NJRES's Motion to Dismiss the Amended Complaint, ruling in part as follows:

> The Motions to Dismiss are GRANTED with respect to Counts Two (2) and Three (3) of the Amended Complaint, which are hereby dismissed with prejudice for failure to state a claim upon which relief may be granted **as to any obligations that were incurred before February 15, 2021**;
>
> * * *
>
> Debtor's request for leave to further amend the Amended Complaint is DENIED.

Order, ECF No. 98 at ¶¶ 1(b) and 2 (emphasis added).

2.     The Amended Complaint and NJRES's Answer clearly establish that (a) Brazos's obligations to NJRES were incurred on the date each trade was made, and (b) Brazos made a trade with NJRES that was executed on February 12, 2021, three days before the date stated in the Order, that flowed at a rate 18,750 MMBtus per day over the Presidents' Day weekend of February 13 - 16, 2021.  *See* Am. Compl., Exhibit B, ECF No. 77-2 at 5:

| Flow Date | Execution Date | MMBTU | Price | Total Charge | Counterparty | Location | Trade |
|---|---|---|---|---|---|---|---|
| 2/13/2021 | 02/12/2021 | 18750 | 149.66 | $ 2,806,125.00 | NJR Energy Services Company | Worsham Steed-Worsham Brazos Intcnct. | 1110701 |
| 2/14/2021 | 02/12/2021 | 18750 | 149.66 | $ 2,806,125.00 | NJR Energy Services Company | Worsham Steed-Worsham Brazos Intcnct. | 1110701 |
| 2/15/2021 | 02/12/2021 | 12755 | 149.66 | $ 1,908,913.30 | NJR Energy Services Company | Worsham Steed-Worsham Brazos Intcnct. | 1110701 |
| 2/15/2021 | 02/12/2021 | 5995 | 149.66 | $ 897,211.70 | NJR Energy Services Company | Worsham Steed-Worsham Brazos Intcnct. | 1110701 |
| 2/16/2021 | 02/12/2021 | 18750 | 149.66 | $ 2,806,125.00 | NJR Energy Services Company | Worsham Steed-Worsham Brazos Intcnct. | 1110701 |

3.     The relief sought herein is entirely consistent with the relevant contract.  The Debtor's Amended Complaint fundamentally objects to the proof of claim filed by NJRES, among others,

which is identified on the Claims Register as Claim No. 167 ("**NJRES POC**"). The NJRES POC is based on: (i) the industry standard *Base Contract for Sale and Purchase of Natural Gas* dated February 17, 2012 ("**NAESB**"), and (ii) the relevant Transaction Confirmation sheets memorializing each gas trade ("**Transaction Confirmation**").[4]

4. The NAESB by and between NJRES and Brazos expressly provides that:

> Any Gas purchase and sale transaction may be effectuated in an EDI transmission or telephone conversation with the offer and acceptance constituting the agreement of the parties. **The parties shall be legally bound from the time they so agree to transaction terms and may each rely thereon**.

NAESB, § 1.2 (emphasis added). The Amended Complaint, NJRES's Answer, the NAESB and the relevant Transaction Confirmation sheet all make abundantly clear that the trades at issue in this Motion were incurred on February 12, 2021, three days before the February 15, 2021 cutoff date in the Order:

DocuSign Envelope ID: 6818B528-C1C6-4291-A494-F2FB63E2A7DA

**NJR Energy Services**

**TRANSACTION CONFIRMATION FOR IMMEDIATE DELIVERY**

EXHIBIT A

| DEAL ID: | TFK-SM-2021-02-1113788 | | TRADE DATE: | 02-12-2021 |
|---|---|---|---|---|

This Transaction Confirmation is subject to the Base Contract between Seller and Buyer dated 02-17-2012
The terms of this Transaction Confirmation are binding unless disputed in writing by the terms specified in the Base Contract.

| **SELLER:** | NJR Energy Services Company<br>1415 Wyckoff Road<br>P.O. Box 1464<br>Wall, NJ 07719 | **BUYER:** | Brazos Electric Power Cooperative, Inc.<br>ACES Power Mktg.<br>4140 W. 99th St.<br>Carmel, IN 46032 |
|---|---|---|---|
| Attention: | Timothy F. Keough | Attention: | Rob Vrabel |
| Phone: | (732) 938-1493 | Phone: | (317) 344-7230 |
| Fax: | (732) 938-6744 | Fax: | (317) 344-7099 |

| **Price Per DTH:** | $149.660000 |
| **Delivery Period:** | Begin: 02-13-2021   End: 02-16-2021 |
| **Service Level:** | Firm (Fixed Quantity) |
| **Quantity Per Day:** | 18750 MMBtus/day |
| **Delivery Point(s)** | **Pipeline(s)** |
| Tolar Hub | Worsham-Steed Gas Storage, LP |

---

[4] Copies of the NJRES NAESB and the Transaction Confirmation sheets were attached to the filed NJRES POC as Exhibits A and B. A copy of the NJRES POC that is the subject of the Amended Complaint, among others, is attached hereto as <u>Exhibit A</u> for the Court's convenience.

5. Despite all the over-whelming evidence, Brazos now takes the indefensible position that its obligations to NJRES were incurred when Brazos actually took physical delivery of the natural gas, an allegation clearly at odds with the Amended Complaint, NJRES's Answer, the NAESB, the Transaction Confirmation sheet and this Court's Order denying Brazos leave to amend. Because this position contravenes all of the foregoing, NJRES requests that the Court enter an order consistent with the foregoing finding that Brazos incurred the obligation to pay for the natural gas it purchased on the dates that each trade was made, and dismissing with prejudice Counts 2 and 3 of the Amended Complaint with respect to any and all gas trades made before February 15, 2021.

## II. LEGAL STANDARD

6. Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12 (c); *Caramba, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2020 U.S. Dist. LEXIS 241267, 2020 WL 7646292 (S.D. Tex. Dec. 23, 2020). The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *See Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Unlike a Rule 12(b) motion, a motion for judgment on the pleadings under Rule 12(c) is considered by looking to the defendant's pleadings as well as the plaintiff's. *Great Plains Tr. Co., Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002). If discovery will not help the court resolve the motion, a Rule 12(c) motion should be brought sooner to avoid the expense of further discovery. *See Marsilio v. Vigluicci*, 924 F. Supp. 2d 837, 847 (N.D. Ohio 2013).

## III. FACTUAL AND PROCEDURAL HISTORY

7. Following dismissal of the Debtor's original complaint in this matter, Brazos filed its Amended Complaint on June 1, 2022. Counts 2 and 3 of the Amended Complaint allege that the obligations Brazos incurred to NJRES, among others, as a result of the Contested Trades (the

"**Obligations**") should be avoided as constructively fraudulent under 11 U.S.C. § 548(a)(1)(B) and Tex. Bus. Com. Code § 24.005(a)(2).

8. On August 17, 2022, the Court entered an order [ECF No. 98] ("**Order**") dismissing with prejudice Counts 2 and 3 of the Amended Complaint as to all Obligations incurred prior to February 15, 2022. The Order also denied Brazos's request to further amend the Amended Complaint.

9. NJRES filed its Answer on September 16, 2022 [ECF No. 106] ("**Answer**"); a trial date has not been set. Thus, this motion is ripe for ruling.

## IV.  ARGUMENT

10. The NAESB by and between NJRES and Brazos governs the parties' legal relationship in the purchase and sale of natural gas and the Transaction Confirmation sheets fix the quantity and price for each trade. Together they form the basis for the NJRES POC filed in this case to which the Debtor's Amended Complaint specifically objects, among other gas claims. *See* Claim No. 167; Am. Compl. ¶ 68. Those documents are clearly integral to both the NJRES POC and the Amended Complaint that objects to that claim, which permits this Court to consider the documents in the context of the Rule 12(c) Motion. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); 5C Fed. Prac. & Proc. Civ. § 1371 (3d ed.) (the court may consider documents referred to in the complaint which are integral to the plaintiff's claim without converting motion into a motion for summary judgment); *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. Appx. 775, 785 (5th Cir. 2007) (same in Rule 12(b)(6) context); *see also see also In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997) (a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment).

11.     Counts 2 and 3 of the Amended Complaint specifically allege that Brazos incurred the Obligations owing to the Gas Claimants **on the date each trade was made**, not when Brazos took physical delivery of the natural gas.

Count 2:

- "Each Gas Claim was the result of **obligations incurred by the Debtor (i.e., the date of the trade)** within two years before the Petition Date." Am. Compl., ¶ 98 (emphasis added).

- "The **obligations to each Gas Claimant were incurred on the date the trade was made** while the Debtor was insolvent, or the Debtor became insolvent as a result of the **obligations incurred** (**on the date the trade was made**) to each Gas Claimant. At the time of, or as a result of the **obligations incurred on the date the trade was made** to each Gas Claimant, the Debtor was engaged in, or was about to be engaged in, a business or transaction for which any property remaining with the Debtor was unreasonably small in relation to its business. In addition, at the time the obligations to each Gas Claimant were incurred, the Debtor intended to incur, or believed that it would incur, debts beyond the Debtor's ability to pay as such debts matured." Am. Compl., ¶ 101 (emphasis added).

Count 3:

- "Each Gas Claim was the result of **obligations incurred on the date the trade was made** by the Debtor prior to the Petition Date." Am. Compl., ¶ 109 (emphasis added).

12.     NJRES admitted these allegations in its Answer. Answer ¶¶ 98, 101, and 109. The Debtor's allegations and NJRES's Answer are wholly consistent with each other on this point and both pleadings are consistent with the governing NAESB and the applicable Transaction Confirmation sheet. Thus, the pleadings in this matter, including the NJRES POC that is the subject of the Amended Complaint, have established that Brazos's Obligations to NJRES were incurred on the date each trade was made.

13.     As shown by Exhibit B to the Amended Complaint and the applicable Transaction Confirmation sheet, all of the natural gas Brazos took delivery of on February 13-16, 2021 was in connection with a single Contested Trade between NJRES and Brazos that was done on **February**

3038088.2 106657-104952

**12, 2022**, three days before the date that the Debtor alleges it became insolvent. Am. Compl., ¶ 72. Accordingly, Counts 2 and 3, as alleged against NJRES should be dismissed with prejudice with respect to the Contested Trade Brazos made with NJRES on February 12, 2021, regardless of when the gas actually flowed.

WHEREFORE, for the foregoing reasons, and in accordance with Rule 12(c) of the Federal Rules of Civil Procedure, NJRES respectfully requests that the Court enter an Order dismissing with prejudice Counts 2 and 3 of the Amended Complaint as alleged against NJRES with respect to each of the transfers.

Dated: October 20, 2022

                                                 Respectfully submitted,

                                                 **GIBBONS P.C.**

                                                 */s/ Mark B. Conlan*
                                                 Robert K. Malone, Esq. (*admitted pro hac vice*)
                                                 Mark B. Conlan, Esq. (SDTX No. NJ0270120)
                                                 One Gateway Center
                                                 Newark, NJ 07102
                                                 (973) 596-4500
                                                 rmalone@gibbonslaw.com
                                                 mconlan@gibbonslaw.com

                                                 *Attorneys for NJR Energy Services Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2022, a true and correct copy of the above and foregoing was served upon all counsel of record using the Court's electronic filing system.

> */s/ Mark B. Conlan*
> Mark B. Conlan

3038088.2 106657-104952

# EXHIBIT A

3038088.2 106657-104952