**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER<br>COOPERATIVE, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER<br>COOPERATIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>507 Capital LLC; et al.,<br><br>Defendants. | Adv. Proc. No. 21-04407 (DRJ) |

**DEBTOR'S NOTICE OF INTENT TO SERVE**
**SUBPOENA DUCES TECUM TO MERCURIA ENERGY AMERICA, LLC**

PLEASE TAKE NOTICE THAT, pursuant to the Federal Rule of Civil Procedure 45, Brazos Electric Power Cooperative, Inc. (the "Debtor") serves the following Subpoena Duces Tecum on Mercuria Energy America, LLC ("Mercuria"). The Debtor request that Concord produce for inspection the items requested at the office of Foley & Lardner LLP, 1000 Louisiana Street, Suite 2000, Houston, TX 77002.

---

[1]  The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Brazos Electric Power Cooperative, Inc. (4729). Additional information regarding this case may be obtained on the website of the Debtor's claims and noticing agent at http://cases.stretto.com/Brazos. The Debtor's address is 7616 Bagby Avenue, Waco, TX 76712.

1

Dated:  October 20, 2022        Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ Ronald L. Oran, Jr.*
Ronald L. Oran, Jr.
State Bar No. 24072268
Email: *roran@foley.com*
Drake Lawsage
State Bar No. 24102070
Email: *dlawsage@foley.com*
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Telephone: 713.276.5500
Facsimile: 713.276.5555

-and-

Holland N. O'Neil
State Bar No. 14864700
Email: *honeil@foley.com*
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: 214.999.4961
Facsimile: 214.999.4667

-and-

Timothy C. Mohan (admitted *pro hac vice*)
State Bar No. 50559
1400 16th Street, Suite 200
Denver, CO 80202
Telephone: 720-437-2000
Email: tmohan@foley.com

**SPECIAL COUNSEL AND CONFLICTS
COUNSEL TO THE DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF system and electronic mail to counsel for the Gas Claimants as indicated below:

| | |
|---|---|
| **AMINI LLC**<br>Avery Samet<br>Jeffrey Chubak<br>131 West 35th Street, 12th Floor<br>New York, NY 10001<br>Telephone: (212) 490-4700<br>asamet@aminillc.com<br>jchubak@aminillc.com<br><br>**ROBERT M. CORN, ATTORNEY AT LAW**<br>Robert M Corn<br>440 Louisiana St Ste 2000<br>Houston, TX 77002<br>Email: rcorn@corn-law.com<br><br>**ATTORNEYS FOR 507 CAPITAL LLC, 507 SUMMIT LLC, CETUS CAPITAL VI, L.P., CROSSINGBRIDGE LOW DURATION HIGH YIELD FUND, DESTINATIONS GLOBAL FIXED INCOME OPPORTUNITIES FUND, DESTINATIONS LOW DURATION FIXED INCOME FUND, LEAFFILTER NORTH HOLDINGS, INC., OFM II, LP, OU 2 LLC, RIVERPARK SHORT TERM HIGH YIELD FUND, RIVERPARK STRATEGIC INCOME FUND AND TWO SEAS GLOBAL (MASTER) FUND LP** | **BRACEWELL LLP**<br>Robert G. Burns<br>31 W. 52nd Street, Suite 1900<br>New York, New York 10020<br>robert.burns@bracewell.com<br><br>Bradley J. Benoit<br>711 Louisiana Street, Suite 2300<br>Houston, Texas 77002<br>brad.benoit@bracewell.com<br><br>Mark E. Dendinger<br>CityPlace I, 34th Floor<br>185 Asylum Street<br>Hartford, Connecticut 06103<br>mark.dendinger@bracewell.com<br><br>**ATTORNEYS FOR TENASKA MARKETING VENTURES** |
| **CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br>Jane VanLare<br>John Veraja<br>One Liberty Plaza<br>New York, New York 10006<br>jvanlare@cgsh.com<br>jveraja@cgsh.com<br><br>-and-<br><br>**AHMAD, ZAVITSANOS & MENSING PC**<br>Monica Uddin<br>Jason S. McManis<br>Alexander M. Dvorscak<br>1221 McKinney Street, Suite 2500<br>Houston, Texas 77010 | **KATTEN MUCHIN ROSENMANN LLP**<br>John E. Mitchell<br>Michaela Crocker<br>Yelena E. Archiyan<br>2121 North Pearl St., Ste. 1100<br>Dallas, TX 75201<br>john.mitchell@katten.com<br>michaela.crocker@katten.com<br>yelena.archiyan@katten.com<br><br>-and-<br><br>**YETTER COLEMAN LLP**<br>R. Paul Yetter<br>Bryce L. Callahan<br>Ali Shan Ali Bhai |

4890-8199-0458.1

| | |
|---|---|
| muddin@azalaw.com<br>jmcmanis@azalaw.com<br>advorscak@azalaw.com<br><br>**ATTORNEYS FOR TOTAL GAS & POWER**<br>**NORTH AMERICA, INC.** | 811 Main Street, Suite 4100<br>Houston, TX 77002<br>pyetter@yettercoleman.com<br>bcallahan@yettercoleman.com<br>asalibhai@yettercoleman.com<br><br>**ATTORNEYS FOR ETC MARKETING, LTD.** |
| **GIBBONS P.C.**<br>Robert K. Malone, Esq.<br>Mark B. Conlan, Esq.<br>One Gateway Center<br>Newark, NJ 07102<br>rmalone@gibbonslaw.com<br>mconlan@gibbonslaw.com<br><br>**ATTORNEYS FOR NJR ENERGY SERVICES**<br>**COMPANY** | **PORTER HEDGES LLP**<br>John F. Higgins<br>Eric D. Wade<br>Heather K. Hatfield<br>M. Shane Johnson<br>Megan Young-John<br>1000 Main Street, 36th Floor<br>Houston, Texas 77002<br>Telephone: (713) 226-6000<br>Email: jhiggins@porterhedges.com<br>Email: ewade@porterhedges.com<br>Email: hhatfield@porterhedges.com<br>Email: sjohnson@porterhedges.com<br>Email: myoung-john@porterhedges.com<br><br>**ATTORNEY FOR OFFICIAL COMMITTEE OF**<br>**UNSECURED CREDITORS** |

*/s Ronald L. Oran Jr.*
Ronald L. Oran Jr.

4

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____**Southern**_____ District of _____**Texas**_____

In re **Brazos Electric Power Cooperative, Inc.**_____
_____Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __**21-30725 (DRJ)**_____

Chapter __**11**_____

**Brazos Electric Power Cooperative, Inc.**_____
_____Plaintiff
                    v.
**507 Capital LLC, et al.**_____
_____Defendant

Adv. Proc. No. __**21-04407 (DRJ)**____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __**Mercuria Energy America, LLC**_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE ATTACHED EXHIBIT "A"**

| PLACE **Foley & Lardner LLP** 1000 Louisiana Street, Ste. 2000, Houston, TX 77002 | DATE AND TIME **November 23, 2022    5:00 p.m. (CDT)** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __**10/20/2022**_____

              CLERK OF COURT

                        OR

_____        **/s/ Ronald L. Oran, Jr.**_____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**Brazos Electric Power Cooperative, Inc.**___ , who issues or requests this subpoena, are:

**Ronald L. Oran, Jr., Foley & Lardner LLP, 1000 Louisiana Street, Ste. 2000, Houston, TX 77002, (713) 276-5500, roran@foley.com**
**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

 

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT "A"

### DEFINITIONS

1.      "ACES" means the Alliance for Cooperative Energy Services Power Marketing, LLC.

2.      "Bankruptcy Code" means Chapter 11 of Title 11 of the United States Code.

3.      "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

4.      "Brazos" or "Brazos Electric" means Brazos Electric Power Cooperative, Inc., the debtor in this Chapter 11 Case, including any of its divisions, predecessors or successors, as well as its past and present officers, directors, partners, employees, members, owners and beneficiaries, agents, representatives, attorneys, consultants, advisors, or other Persons acting or purporting to act under its control or on its behalf.

5.      "Chapter 11 Case" means the bankruptcy case of Brazos currently pending in the Bankruptcy Court, Bankruptcy Case No. 21-30725.

6.      "Communication" means both the documentary and any non-documentary transmission of facts, data, or any other information, and all attachments and enclosures thereto, whether transmitted verbally, visually, in writing, electronically, or by any other means or media from one Person to another Person, and shall include, but not be limited to, the following: hard copy/paper Documents (writings, notebooks, drawings, graphs, charts, presentations, photographs, calendars, diaries, etc.); email and attachments; instant messages (including MS Communicator); personal e-mail or instant messaging accounts (e.g., Gmail); text messages, and any other electronic files and records in whatever form they are maintained. The non-documentary transmission of information shall include but not be limited to oral statements,

1

telephone conversations, recorded voicemail messages, negotiations, conferences or meetings, however formal or informal. The term also includes information relating to oral communications and written communications, whether or not any such information or writings were themselves transmitted by their author or any other persons.

7.      "Complaint" means *The Debtor's First Amended Complaint Objecting to the Proofs of Claim related to Certain Natural Gas Sales to the Debtor* [Adv. Proc. Docket No. 77].

8.      "Concerning" means and includes referring to, relating to, constituting, in connection with, alluding to, supporting, refuting, reflecting, touching upon, involving, pertaining to, explaining, containing, featuring, recording, summarizing, showing, disclosing, setting forth, discussing, describing, evaluating, analyzing or evidencing.

9.      "Concord" means Concord Energy LLC.

10.     "Consolidated Defendants" means, individually and together, 507 Capital LLC, 507 Summit LLC, Cetus Capital VI, L.P., CrossingBridge Low Duration High Yield Fund, Destinations Global Fixed Income Opportunities Fund, Destinations Low Duration Fixed Income Fund, Leaffilter North Holdings, Inc., OFM II, LP, OU 2 LLC, RiverPark Short Term High Yield Fund, RiverPark Strategic Income Fund and Two Seas Global (Master) Fund LP.

11.     "Contested Period" means from the beginning of February 12, 2021 through the end of February 18, 2021.

12.     "Contested Trades" mean those trades between the Debtor, on one hand, and the Gas Suppliers, on the other hand, that the Debtor objects to and are detailed in the Complaint and Exhibit B thereto.

13.     "Debtor" means Brazos Electric Power Cooperative, Inc.

14.     "Document" is used in the broadest sense possible and equal in scope to the use of the term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure.  For the avoidance of doubt, "documents" shall include, but not be limited to, hard copy/paper documents (writings, notebooks, drawings, graphs, charts, presentations, photographs, calendars, diaries, etc.); email and attachments; instant messages (including MS  Communicator and ICE Chat); personal e-mail or instant messaging accounts (e.g., Gmail); text messages, electronic files and records, including word processing, spreadsheets, presentations, PDFs, calendars, audio (including voicemail), video, database or other application records; data contained on any Intranet or Internet web site(s) under Your control, databases, collaboration  platforms (e.g., SharePoint), Wikis, and any other accessible source of electronic information maintained by You.

15.     "ERCOT" means the Electric Reliability Council of Texas.

16.     "ESI" means "electronically stored information" as that term is used in Federal Rules of Civil Procedure 16, 26, and 34, and refers to all electronic data (including active data, archival data, backup data, backup tapes, distributed data, electronic mail, forensic copies, metadata, and residual data) stored in any medium from which information can be obtained.

17.     "ETC" means ETC Marketing, Ltd.

18.     "GAAP" means Generally Accepted Accounting Principles.

19.     "Gas Claimants" mean, collectively, the Consolidated Defendants, ETC, NJR, Tenaska, and TotalEnergies.

20.     "Gas Claims" mean the proofs of claims filed by the Gas Claimants.

21.     "Gas Suppliers" means, individually and collectively, Concord, ETC, Mercuria, NJR, Tenaska, and TotalEnergies.

3

22.    "Including" means including, without limitation.

23.    "Jack County Plant" means the Debtor's 1,210-megawatt, natural gas-fired, combined-cycle power plant located near Jacksboro, Texas.

24.    "Nortex" means Nortex Midstream Partners LLC, owner of the Worsham-Steed Gas Storage Facility.

25.    "Person" means natural persons, firms, associations, agencies, and/or other organizations and entities cognizable by law, including private corporations, public corporations, partnerships, unincorporated associations, offices, governments, governmental or political entities.

26.    "Petition Date" means March 1, 2021.

27.    "PUCT" means the Public Utility Commission of Texas.

28.    "Sandy Creek Station" means the Sandy Creek Energy Station, a 940-megawatt coal-fired generation facility located near Waco, Texas.

29.    "Tenaska" means Tenaska Marketing Ventures, an intervenor on behalf of Chase Lincoln First Commercial Corporation.

30.    "TotalEnergies" means Total Gas & Power North America, Inc.

31.    "You" and "Your" means Mercuria Energy America, LLC or "Mercuria," as well as its past and present officers, directors, partners, employees, members, owners, agents, representatives, attorneys, consultants, advisors, or other Persons acting or purporting to act under its control, on its behalf, or under common control.

32.    "Winter Storm Uri" means the winter storm that impacted Texas from February 10, 2021 through February 20, 2021.

4

33.     "<u>Worsham-Steed Gas Storage Facility</u>" means the depleted oil and gas reservoir that is directly connected to the Jack County Plant owned by Nortex.

<u>**INSTRUCTIONS**</u>

1.      The use of the singular form of any word includes the plural and vice versa.

2.      The use of the past tense of any verb includes the present tense and a vice versa.

3.      The connectives "and" and "or" shall be construed conjunctively or disjunctively as necessary to make each request for production inclusive rather than exclusive; to bring within the scope of the request all Documents and Communications and responses that otherwise might be construed to be outside the scope of the request.

4.      If any Documents and Communications requested are withheld from production on a claim of privilege, please produce a privilege log identifying such Document or Communication together with: (a) the date of the Document or Communication; (b) the identity of the author or preparer; (c) the identity of each Person who was sent or furnished with the Document or Communication or who received or had possession or custody of the Document or Communication; (d) a description of the Document or Communication, including identification of any attachments or appendices; (e) a statement of the basis of the claim of privilege; and (f) the Request to which the Document or Communication is responsive. In the case of Documents or Communications Concerning a meeting or conversation, identify all participants in the meeting or conversation

5.      If a Document or Communication cannot be produced in full, produce it to the extent possible, identify the portion that cannot be produced, and specify the reasons for Your inability to produce the remainder.

5

6.      Where Documents and Communications in the possession of a legal entity are requested, such request includes the entity's employees, advisors, attorneys, representatives, agents, members, partners, officers, directors, independent contractors, successors and assigns, and all other persons acting for or on behalf of any one or more of them, as well as any Documents and Communications in the possession of a legal entity under common control with with You.

7.      Please produce responsive Documents as they have been kept in the usual course of business.

8.      If there are no Documents responsive to any particular request, please state so in writing.

9.      Where only a portion of a Document relates or refers to the subject of a request, the entire Document is to be produced nevertheless, including any and all attachments, appendices, and exhibits.

10.      If a responsive document was, but no longer is, within Your possession, custody or control, please state in detail: (a) the type of Document and the author(s), sender(s), recipient(s) and copyee(s) of the Document; (b) a summary of the  contents of the Document; (c) what disposition was made of such Document; (d) the date of such disposition; (e) whether the original or a copy thereof is within the possession, custody or control of any other person; and (f) if the answer to (e) is affirmative, the identity of such person.

11.      The requests herein are to be deemed continuing so as to require further and supplemental productions if You discover, receive, or generate additional responsive Documents between the time of Your original production and the time of the final hearing held in this action.

6

12.     Unless otherwise notes, the data applicable to the Document requests set forth below is February 1, 2021 to the Petition Date (the "Relevant Period"), and each request covers any and all Documents created, dated, sent, received, in effect, or in Your possession at any time during the Relevant Period.

## REQUESTS

1.      Documents and Communications sufficient to establish the cost of the natural gas You sold to the Debtor during the Contested Period.

2.      Copies of invoices or similar documentation establishing the cost of procuring the natural gas sold to the Debtor during the Contested Period.

3.      Documents and Communications sufficient to establish how You accounted for the cost of the natural gas sold to the Debtor during the Contested Period.

4.      For the natural gas sold to the Debtor during the Contested Period, Documents and Communications sufficient to establish the location of that natural gas before it was transported to the point of sale.

5.      For the natural gas sold to the Debtor during the Contested Period, Documents and Communications sufficient to establish the means and cost of transporting that natural gas to the point of sale.

6.      For natural gas delivered during Winter Storm Uri, all Documents and Communications regarding prices You charged to Brazos or any other purchaser of natural gas.

7.      For natural gas delivered during the Relevant Period, Documents and Communications sufficient to establish the prices You charged to Brazos and any other purchaser of natural gas

8.      For natural gas delivered during Winter Storm Uri, all Documents and Communications regarding any profits from Your sales of natural gas to Brazos or any other purchaser of natural gas.

9.      For natural gas purchases or sales during the Contested Period, Documents and Communications sufficient to establish the prices charged for such natural gas.

10.     For natural gas purchases or sales during the Contested Period, Documents and Communications sufficient to establish the amounts actually paid for such natural gas.

11.     All Documents and Communications regarding Your internal policies and procedures regarding the pricing of natural gas for sale to third parties.

12.     All Documents and Communications during Winter Storm Uri regarding Real Time natural gas prices.

13.     All Documents and Communications during Winter Storm Uri regarding Real Time Market energy prices.

14.     All Documents and Communications during Winter Storm Uri regarding Ancillary Services Prices.

15.     All Documents and Communications during Winter Storm Uri regarding Firm Load Shed.

16.     All Documents and Communications during Winter Storm Uri regarding the PUCT's February 15, 2021 Order Directing ERCOT to Take Action and Granting Exception to Commission Rules, filed in Project No. 51617, Item No. 3.

17.     All Documents and Communications during Winter Storm Uri regarding the PUCT's February 16, 2021 Order Directing ERCOT to Take Action and Granting Exception to Commission Rules, filed in Project No. 51617, Item No. 4.

18.     All Documents and Communications during Winter Storm Uri regarding Implementation of the PUCT's February 15 & 16, 2021 Orders Directing ERCOT to Take Action and Granting Exception to Commission Rules filed in Project No. 51617, Item Nos. 3 and 4.

19.     All Documents and Communications during Winter Storm Uri regarding available

9

generation capacity on February 15, 2021 prior to the issuance of the PUCT Order Directing ERCOT to Take Action and Granting Exception to Commission Rules filed in Project No. 51617, Item No. 3.

20.    All Communications with any person during Winter Storm Uri regarding ERCOT's scarcity pricing mechanism.

21.    All Communications with any person regarding energy prices within ERCOT during the Relevant Period.

22.    All Communications with any person regarding natural gas prices within and outside of ERCOT during the Relevant Period.

23.    All Documents and Communications related to the existence of a force majeure event during Winter Storm Uri.

24.    All Documents and Communications concerning the value of the natural gas provided to Brazos.

25.    All Documents and Communications regarding generation capacity across the ERCOT system during Winter Storm Uri.

26.    All Documents and Communications regarding electricity natural gas capacity across the ERCOT system during Winter Storm Uri.

27.    All Documents and Communications regarding weather-related outages to electricity generation across the ERCOT system during Winter Storm Uri.

28.    All Documents and Communications regarding weather-related outages to electricity transmission across the ERCOT system during Winter Storm Uri.

29.    All Documents and Communications regarding weather-related interruptions to the delivery of natural gas across the ERCOT system during Winter Storm Uri, including but not

10

limited to, interruptions to the production and processing of natural gas during Winter Storm Uri.

30.     All documents and communications during the Relevant Period related to the availability of natural gas for gas-fired generation facilities located in ERCOT.

31.     All Documents and Communications between or among You and any and all Gas Suppliers during the Relevant Period.

32.     All Documents and Communications between or among You and any and all Gas Claimants during the Relevant Period.

33.     All Documents and Communications between You and ACES during the Relevant Period.

34.     All Documents and Communications between You and ACES relating to Winter Storm Uri.

35.     All Documents and Communications during Winter Storm Uri relating to natural gas prices at the Tolar hub.

36.     All Documents and Communications during Winter Storm Uri relating to natural gas prices at the NGPL TXOK hub.

37.     All Documents and Communications between You and Nortex during Winter Storm Uri.

38.     All Documents and Communications during Winter Storm Uri regarding the Worsham-Steed Gas Storage Facility.

39.     All Documents and Communications during Winter Storm Uri regarding the Jack County Plant.

40.     All Documents and Communications during Winter Storm Uri between You and any other gas storage facility that maintained possession of natural gas sold to the Debtor.

11

41.     All Documents and Communications sufficient to establish how much natural gas You stored at the Worsham-Steed Gas Storage Facility during the Relevant Period.

42.     All Documents and Communications regarding Your assertions in paragraph 41 of Your Answer denying that the "price increases were unexpected."

43.     All Documents and Communications regarding the NAESB contracts between You and Brazos.

44.     All Documents and Communications regarding each of the Affirmative Defenses asserted in Your Answer.

4888-0862-5210.2