# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>BRAZOS ELECTRIC POWER COOPERATIVE, INC.<br><br>      Debtor | Chapter 11<br><br>Case No. 21-30725 (DRJ) |
| BRAZOS ELECTRIC POWER COOPERATIVE, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>507 CAPITAL LLC; 507 SUMMIT LLC; CETUS CAPITAL VI, L.P.; CHASE LINCOLN FIRST COMMERCIAL CORPORATION; CITIGROUP FINANCIAL PRODUCTS INC.; CROSSINGBRIDGE LOW DURATION HIGH YIELD FUND; DESTINATIONS GLOBAL FIXED INCOME OPPORTUNITIES FUND; DESTINATIONS LOW DURATION FIXED INCOME FUND; KOCH ENERGY SERVICES LLC; LEAFFILTER NORTH HOLDINGS, INC.; NJR ENERGY SERVICES CO.; OFM II, LP; OU 2 LLC; RIVERPARK SHORT TERM HIGH YIELD; RIVERPARK STRATEGIC INCOME FUND; TOTAL GAS & POWER NORTH AMERICA, INC.; AND TWO SEAS GLOBAL (MASTER) FUND LP,<br><br>      Defendants. | Adv. Proc. No. 21-04407 (DRJ) |

**TENASKA MARKETING VENTURES' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AS TO COUNTS 2 AND 3 OF THE FIRST AMENDED COMPLAINT <u>PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

Tenaska Marketing Ventures ("TMV"), an intervenor[1] on behalf of party Chase Lincoln First Commercial Corporation, files this *Motion for Partial Judgment on the Pleadings* (this "Motion") requesting partial dismissal with prejudice of Counts 2 and 3 of Brazos Electric Power Cooperative, Inc's (the "Debtor") *First Amended Complaint Objecting to Proofs of Claim Related to Certain Natural Gas Sales to the Debtor* [Adv. Dkt. 77] (the "Amended Complaint").

## I. PRELIMINARY STATEMENT

1. On August 17, 2022, this Court entered an order (Dkt. No. 98, the "Order") resolving all motions from the above captioned Defendants to dismiss the Amended Complaint, by ruling, in pertinent part:

> The Motions to Dismiss are Granted with respect to Counts Two (2) and Three (3) of the Amended Complaint, which are hereby dismissed with prejudice for failure to state a claim upon which relief may be granted as to any obligations that were incurred before February 15, 2021 . . . Debtor's request to further amend the Amended Complaint is DENIED.

Order ¶¶ 1.b, 2.

2. The Debtor alleges with specificity in the Amended Complaint that its obligations to TMV were incurred on the date each trade was made. Am. Compl. ¶¶ 98, 101, 109. This allegation is consistent with the terms of the relevant contracts. Two of the seven trades between the Debtor and TMV that the Debtor contests in this adversary, identified on **Exhibit A** hereto (the "Subject Obligations"), were executed on February 12, 2021, three days before the date stated in the Order, and flowed on or after February 15, 2021.[2]

---

[1] TMV intervenes pursuant to the *Stipulation and Agreed Order Authorizing Intervention* between TMV, Chase Lincoln First Commercial Corporation, and the Debtor, entered by the Court on November 22, 2021 at Dkt. No. 1338.

[2] For the avoidance of doubt, a total of five of the seven contested trades between the Debtor and TMV were executed before February 15, 2021, three of which also flowed prior to February 15, 2021 and therefore, even by the Debtor's assertion as to when an obligation was incurred, are dismissed by the Court's Order.

3.      Despite the unambiguous pleading by the Debtor and the clear wording in the Order, the Debtor seeks to move the goalposts once again in its current effort to restate its cause of action for a third time. The Debtor now maintains that its obligations to TMV, including the Subject Obligations, were incurred when the Debtor took *physical delivery* of the natural gas, in contravention of the Amended Complaint and the Court's Order denying the Debtor leave to amend. Because the Debtor's new position is contradictory to its own Amended Complaint and the law, TMV seeks an Order finding that the Subject Obligations were incurred on the date on which TMV and the Debtor (through ACES) agreed to the trade terms and executed confirmations, which, for the Subject Obligations, was prior to February 15, 2021, and dismissing Counts 2 and 3 of the Amended Complaint against TMV with respect to the Subject Obligations with prejudice.

## II.     FACTUAL BACKGROUND

4.      The Debtor filed the Amended Complaint on June 1, 2022. Counts 2 and 3 of the Amended Complaint allege that the obligations the Debtor incurred to TMV as a result of the Contested Trades (including the Subject Obligations) should be avoided as constructively fraudulent under 11 U.S.C. § 548(a)(1)(B) and Tex. Bus. & Com. Code § 24.005(a)(2).

5.      On August 17, 2022, the Court entered the Order dismissing with prejudice Counts 2 and 3 of the Amended Complaint as to all obligations incurred prior to February 15, 2021. The Order also denied the Debtor's request to further amend the Amended Complaint. TMV filed *Tenaska Marketing Ventures' First Amended Answer and Affirmative Defenses to Brazos Electric Power Cooperative Inc.'s First Amended Complaint Objecting to Proofs of Claim Related to Certain Natural Gas Sales* on September 16, 2022 (Dkt. No. 102, the "Answer"); a trial date has not been set.

### III. LEGAL STANDARD

6. Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *See Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). If discovery will not help the court resolve the motion, a Rule 12(c) motion should be brought sooner to avoid the expense of further discovery. *See Marsilio v. Vigluicci*, 924 F.Supp.2d 837, 847 (N.D. Ohio 2013).

### IV. ARGUMENT

**A. The Debtor has alleged, and TMV has admitted, that the Debtor incurred obligations to TMV on the date each trade was made.**

7. The Debtor specifically alleges in Counts 2 and 3 of the Amended Complaint that the Debtor incurred the Obligations owing to TMV *on the date each trade was made* (as opposed to when the Debtor took delivery of the natural gas). Count 2 of the Amended Complaint provides, in pertinent part:

- Each Gas Claim was the result of obligations incurred by the Debtor (i.e., the date of the trade) within two years before the Petition Date. Am. Compl. ¶ 98.

- The obligations to each Gas Claimant were incurred on the date the trade was made while the Debtor was insolvent, or the Debtor became insolvent as a result of the obligations incurred (on the date the trade was made) to each Gas Claimant. At the time of, or as a result of the obligations incurred on the date the trade was made to each Gas Claimant, the Debtor was engaged in, or was about to be engaged in, a business or transaction for which any property remaining with the Debtor was unreasonably small in relation to its business. In addition, at the time the obligations to each Gas Claimant were incurred, the Debtor intended to incur, or believed that it would incur, debts beyond the Debtor's ability to pay as such debts matured. *Id.* ¶ 101.

Count 3 of the Amended Complaint provides, in pertinent part:

- Each Gas Claim was the result of obligations incurred on the date the trade was made by the Debtor prior to the Petition Date. *Id.* ¶ 109.

8. TMV admitted the allegations that the obligations were incurred on the date of the trade in its Answer. Answer ¶¶ 98, 109. Further the Debtor's pleading and TMV's Answer are consistent with the form NAESB to which the Debtor and TMV are parties (as amended, the "TMV NAESB"),[3] which provides that "[t]he parties shall be legally bound from the time they so agree to transaction terms and may each rely thereon." TMV NAESB § 1.2 (Oral Transaction Procedure). Thus, the pleadings establish that the Debtor's obligations to TMV were incurred on the date that each trade was made.

9. As shown in Exhibit B to the Amended Complaint, the trades constituting the Subject Obligations were executed on February 12, 2021. Accordingly, Counts 2 and 3, as alleged against the Subject Obligations should be dismissed with prejudice, regardless of when the gas actually flowed or when the Debtor took delivery.

**B. The Debtor cannot further amend the Amended Complaint.**

10. Other Defendants have filed similar motions following the Court's Order,[4] to which the Debtor has replied. *See Debtor's Opposition to ETC Marketing Ltd.'s Motion for Judgment on the Pleadings as to Counts 2 and 3 of the First Amended Complaint* [Adv. Dkt. No. 109, the "Reply"]. The Debtor contends in its Reply that the Amended Complaint does not allege that the obligations were incurred on the date of the trade and instead alleges that the delivery date may

---

[3] The TMV NAESB and the subsequent amendments thereto are attached hereto as **Exhibit B**. It governs the parties' legal relationship in the purchase and sale of natural gas and is the basis for TMV's claims that are subject to this adversary proceeding. It is integral to both TMV's claim and the Amended Complaint, which permits this Court to consider it in the context of the Rule 12(c) Motion. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); 5C Fed. Prac. & Proc. Civ. § 1371 (3d ed.) (the court may consider documents referred to in the complaint which are integral to the plaintiff's claim without converting the motion into a motion for summary judgment); *Gen. Retail Servs. Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. Appx. 775, 785 (5th Cir. 2007) (same in Rule 12(b)(6) context).

[4] *See ETC Marketing, Ltd.*'s *Motion for Judgment on the Pleadings as to Counts 2 and 3 of the First Amended Complaint* [Adv. Dkt. No. 103]; *NJR Energy Services Company's Motion for Partial Judgment on the Pleadings as to Counts 2 and 3 of the First Amended Complaint Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure* [Adv. Dkt. No. 111].

also be the date obligations were incurred. Reply ¶¶ 4, 24-25. Specifically, the Debtor cites to paragraph 69 of the Amended Complaint, which alleges:

> During the Contested Period, the twenty (20) trades at issue were separate and *individual contracts entered into at or near the dates of the trades*, but were not arm's length.

Am. Compl. ¶ 69 (emphasis added); Reply ¶ 4. However, this argument fails because Counts 2 and 3 of the Amended Complaint specifically allege that the Debtor's obligations to TMV and the other claimants were incurred on the dates the trades were made. Am. Compl. ¶¶ 98, 101, 109. The statement in paragraph 69 of the Amended Complaint does not contravene the unambiguous assertions in paragraphs 98, 101 and 109.

11. The Debtor's argument that Exhibit B to the Amended Complaint also lists delivery dates is irrelevant. The Debtor has failed to allege in the Amended Complaint that the delivery date constituted the date of the trade, and merely noting the delivery dates in an exhibit to the Amended Complaint does not constitute an allegation, particularly when the Debtor used specific language alleging that the transaction date was the date obligations were incurred in Counts 2 and 3 of the Amended Complaint. The Debtor's argument that the Amended Complaint uses the term "trade" as a generic term constituting both the trade date and delivery date fails for similar reasons. Reply ¶ 4. The Debtor and TMV consistently differentiate these two dates in their course of dealing, as evidenced by the Transaction Confirmation attached hereto as **Exhibit C**,[5] which specifically provide for a "Transaction Date" and a "Delivery Period." The Debtor was well aware of the difference between these dates and should not be permitted to use them interchangeably.

---

[5] Section 2.7 of the TMV NAESB provides that the term "Contract" used therein shall include, in addition to the TMV NAESB, "any and all binding Transaction Confirmations." TMV NAESB § 2.7. Further, each Transaction Confirmation provides that it "constitutes part of and is subject to the terms and provisions of" the TMV NAESB. Accordingly, for the same reasons the Court may consider the TMV NAESB in the context of the Rule 12(c) Motion, it may consider the Transaction Confirmations.

12. The Debtor's argument that it has not made any admission because its statements constitute a legal conclusion that must be disregarded in the context of Rule 12(c) is also wrong. Reply ¶ 6. The Debtor's allegations are not a legal conclusion but rather specific allegations that the Debtor's obligations were incurred on the date of the trade, consistent with the terms of the TMV NAESB.

13. The Debtor has failed to state a legally cognizable claim that is plausible on its face when read in conjunction with the Court's Order. The Court dismissed Counts 2 and 3 of the Amended Complaint with respect to any obligations incurred before February 15, 2021 and denied the Debtor leave to further amend the Amended Complaint. The TMV NAESB underlying the Debtor's Contested Trades with TMV expressly provides that "[t]he parties shall be legally bound from the time they so agree to transaction terms and may each rely thereon" and the Amended Complaint repeatedly admits the Debtor's obligations were incurred on the date the trade was made. Further, nowhere in the Complaint does the Debtor allege that its obligations to the Gas Claimants were incurred upon delivery. There is no basis to allow the Debtor to further amend the Amended Complaint in an attempt to walk back its allegations, which in any event would be contrary to the terms of the contract and applicable law.

Accordingly, TMV respectfully requests that the Court enter an order under Federal Rule of Civil Procedure 12(c) dismissing with prejudice Counts 2 and 3 of the Amended Complaint as alleged against TMV with respect to the Subject Obligations.

Respectfully submitted,

Date: October 28, 2022

**BRACEWELL LLP**

By: /s/ Robert G. Burns
    Robert G. Burns (admitted pro hac vice)
    31 W. 52nd Street, Suite 1900
    New York, New York 10020
    Telephone: (212) 508-6100
    Facsimile: (800) 404-3970
    Email: robert.burns@bracewell.com

Bradley J. Benoit
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (800) 404-3970
Email: brad.benoit@bracewell.com

Mark E. Dendinger (*admitted pro hac vice*)
CityPlace I, 34th Floor
185 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 947-9000
Facsimile: (800) 404-3970
Email: mark.dendinger@bracewell.com

*Counsel for Tenaska Marketing Ventures*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the counsel for parties of record in this Adversary Proceeding, electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service on the 28th day of October 2022.

*/s/ Robert G. Burns*
Robert G. Burns